Louis B. Heller, J.
This is a proceeding under article 78 of the Civil Practice Act to compel the Commissioner of Licenses to issue a license to petitioner, or to review the determina *225 tion of such Commissioner refusing or denying petitioner’s application.
Petitioner filed an application for a license to operate a pool and billiard parlor on premises 715 Avenue IT, Brooklyn, New York. After a rehearing of the application, the Commissioner of Licenses indicated his approval thereof subject to approval of the use of the premises or the proposed business by the Department of Housing. The Borough Superintendent of Buildings denied approval on the ground that the proposed business is contrary to the Zoning Resolution, the premises being located in a C-l district wherein pool and billiard parlor use is not permitted.
The functions of the Commissioner of Licenses and that of the Commissioner of Buildings are separate and distinct. The License Commissioner acts with respect to the type of business to be conducted of maintained, whereas the Building Commissioner acts with respect to and has jurisdiction over the use or occupany of premises (see New York City Charter, §§ 771, 773, 643, 644). While the Commissioner of Licenses may approve and issue a license for the type of business to be conducted in a given premises, the issuance of such license would be ineffective if the licensed use violates the building regulations since the Building Department would be required to enforce its regulations and compel the licensee to discontinue such use under penalty of prosecution.
The court will not direct the License Commissioner to perform an act which would be illegal or meaningless under the circumstances and, therefore, is constrained to deny the application.
There is another objection to the granting of the relief sought by petitioner, however. Subdivision 3 of section 1285 of the Civil Practice Act prohibits the granting of relief where the determination does not finally determine the rights of the parties with respect to the matter to be reviewed. Subdivisions 5 and 6 of section 666 of the New York City Charter grant jurisdiction to the Board of Standards and Appeals to determine and vary the application of the Building Zone Resolution and to hear and decide appeals from an order, requiring decision or determination of the Commissioner of Buildings or any Borough Superintendent of Buildings. Since respondent Building Commissioner’s determination is not a final one, the review sought is barred by section 1285 of the Civil Practice Act. The application is in all respects denied and the petition dismissed.