■ In the Matter of WALTER J. NODINE, Appellant-Respondent, v. BOARD OF TRUSTEES OF THE VILLAGE OF BALDWINSVILLE et al., Respondents-Appellants. — Judgment, insofar as it dismisses the petition, unanimously reversed and matter remitted to Special Term for further proceedings in accordance with memorandum, and judgment, insofar as it dismisses the counterclaim, unanimously modified and counterclaim severed to continue as an action pursuant to section 871 of the Real Property Actions and Proceedings Law, all without costs. Memorandum: On the record Special Term had before it conflicting affidavits, purportedly by experts, which arrived at contrary conclusions as to whether a hazardous condition was presented by the service station filling facilities after the modifications. Under the authority of *Matter of Brooklyn Union Gas Co.* v. *Cashmore* (4 N Y 2d 727) these presented triable issues of fact which required a hearing at Special Term for their resolution, before a determination could be made as to whether the actions of the Village Board of Trustees were arbitrary and capricious (see *Matter of O'Brien* v. *Commissioner of Educ. of State of N. Y.,* 3 A D 2d 321, app. dsmd. 4 N Y 2d 140, cert. den. *sub nom. Murphy* v. *Commissioner of Educ. of State of N. Y.,* 361 U. S. 117). We agree with the determination by Special Term that the counterclaim, predicated upon an alleged encroachment on the public highway by gasoline pumps, should be removed from the article 78 proceeding reviewing the board's determination. This could have been accomplished more appropriately by a severance under CPLR 407 rather than a dismissal, thus avoiding "the nuisance of commencing a new action"

(3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3019.03). (Appeals from judgment of Onondaga Special Term in article 78 proceeding.) Present — Witmer, J. P., Moule, Mahoney, Goldman and Del Vecchio, JJ.