OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 While it would certainly have been the better practice for the authority explicitly to have spelled out in its determination of December 8, 1978 the fact that it had given consideration to the materials concerning Mr. Pflaumer submitted as part of the request for reconsideration, that fact is implicit in the statement that it had “granted your request for reconsideration of the disapproval”. That the authority adhered to its original determination cannot be held to be an abuse of discretion in light of the relationship of the misdemeanor convictions to the license sought, the more so since section 752 of the Correction Law enacted to prevent unfair discrimination against persons convicted
 
 *754
 
 of criminal offenses expressly excepts cases in which “there is a direct relationship between one or more of the previous criminal offenses and the specific license or employment sought”. Finally, consideration by the authority of information received by its investigators from Rivinia Corporation and F & M Schaefer Corporation but never made available to petitioner did not constitute a denial of due process
 
 (Matter of Fink v Cole,
 
 1 NY2d 48).
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
 

 Order affirmed.