OPINION OF THE COURT
Irving A. Green, J.
This article 78 proceeding seeks the review and annulment of the decision of respondents, after a fair hearing, held on March 9, 1981, that the respondents properly used the pro rata method in determining the correct deficit amount of aid to which petitioner’s household, consisting of petitioner and her five children, were entitled during the period of February 5, 1977 to July 14, 1980; and, further, that the petitioner is not entitled to any refund for the aforesaid period.
The history of this application approximately begins with the petitioner’s prior article 78 proceeding brought in this court to review a determination of the respondents’ . decision to recoup overpayments in aid made to the petitioner brought about by several utility advances as well as by petitioner’s failure to report income and resources to the respondents. It appears not to be disputed that the overpayment amounts to the sum of $7,798.14. Recoupment was ordered to be made on a pro rata basis of the monthly *662 budgeted household needs in the sum of $595. The household consisted of six persons (petitioner and her five children) and respondents computed the monthly recoupment at one sixth of the household needs reduced to the maximum amount of 15% of the budgeted household needs (18 NYCRR 352.31 [d] [2]; 352.7 [g] [5]), which amounted to the monthly recoupment sum of $89.25.
The petitioner contended a pro rata method of computing the recoupment by the respondents is impermissible. Petitioner contended the incremental method of approach (i.e., based upon a household of only five children), in determining the maximum monthly recoupment sum should be employed. This latter approach to determine the basic household needs of which sum a maximum of 15% per month would then be the permissible recoupment, the petitioner contends would result in no allowable recoupment by the respondents.
The prior proceeding terminated in a judgment annulling the fair hearing decision of May 8, 1979, and remanding the matter to respondents for the following purposes, so far as here relevant:
(a) to make specific findings as to whether the minor children are no longer in need of assistance; and
(b) to review the agency’s determination to use appellant’s (petitioner) pro rata share of the grants received instead of an “incremental” amount in determining the amount of recoupment, if any.
It is not disputed that assistance was terminated by the respondents as of February 28, 1981, by reason of petitioner receiving employment income sufficient to meet household needs. The instant proceeding was commenced by order to show cause granted January 7, 1982.
By the decision after the fair hearing conducted in accordance with the prior judgment of the court, the respondents determined, inter alia, that the agency properly used the pro rata method and the children’s needs were not effectively reduced thereby; and further determined that the petitioner is not entitled to any refund for the period, February 5, 1977 to July 14, 1980.
*663 The decision further noted that 18 NYCRR 381.3 (e) provides that payments shall be made only to persons that are active recipients of public assistance.
In their answer to the petition, the respondents set forth as objections in point of law that corrective payments may not be made to any person who is not an active recipient of public assistance; and, inter alia, the answer sets forth what is denominated as a “counterclaim” the wrongful retention by the petitioner of public assistance benefits to which she was not entitled.
It appears undisputed that at the time the first proceeding was brought before this court, the petitioner was an active recipient of public assistance; and that when the instant proceeding was brought, the petitioner was not an active recipient of public assistance. The first proceeding terminated in a final judgment annulling the fair hearing decision of May 8, 1979, with a remand.
The funds, which are the subject of this controversy, are public funds allocated and reserved to assist the needy with regard to their current necessities. The right to assistance with respect to current needs from such public funds is protected for the benefit of eligible recipients.' (Tucker v Toia, 43 NY2d 1.) In this case, however, a demand for additional payment is made by a presently ineligible recipient predicated upon allegations of insufficient payment to her during her period of eligibility. Any payment made by the agency to the petitioner, at this time, from the public moneys allocated for the benefit of current eligible recipients, is clearly contrary to the limited humanitarian purpose for which such public funds are provided and reserved. Additionally, in this case, the respondents assert it to be undisputed that the petitioner received assistance in excess of that to . which she was entitled, during her period of eligibility, by reason of her willful failure to report all of her income and resources. The respondents seek to recoup such excess payments received by the petitioner by way of counterclaim. Under such circumstances it is abundantly clear that this court properly may not direct additional assistance payments to the petitioner, a presently ineligible recipient, on the one hand, while on the other, the *664 respondents are relegated to an action at law to recover claimed excess assistance payments to the petitioner.
This court finds that the third separate, and complete objection in point of law interposed by the respondents, namely, that the relevant statutes and regulations (18 NYCRR 381.3 [e]) prohibit public assistance payments to any person who is not an active recipient of public assistance, constitutes a complete bar to the proceeding.
The petition is dismissed. The counterclaim of the respondents is severed. (Matter of McNamara v Commissioner of Educ., N. Y. State Educ. Dept., 80 AD2d 660; Matter of Nodine v Board of Trustees of Vil. of Baldwinsville, 44 AD2d 764.)