In the Matter of RICHARD I, INC., Doing Business as RICHARD I SCHOOL OF BEAUTY CULTURE, et al., Respondents, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Appellants.

Third Department, December 2, 1982

**APPEARANCES OF COUNSEL**

*Robert D. Stone* (*Frederick W. Burgess* and *Jean M. Coon* of counsel), for appellants.

*O'Connell & Aronowitz, P. C.* (*Peter L. Danziger* and *Barbara G. Billet* of counsel), for respondents.

**OPINION OF THE COURT**

SWEENEY, J. P.

Petitioners operate private cosmetology schools licensed by the Education Department (department) under the provisions of article 101 of the Education Law. Pursuant to existing law, such schools are required to file periodic

applications for renewal of licensure (Education Law, §§ 5001, 5003). In 1979, the forms on which schools were required to report data to the department were revised so as to require information concerning their students' racial and ethnic backgrounds, possible academic and/or economic disadvantages and other related information. Petitioners refused to submit any data on the new forms which were supplied to them. Thereafter, on December 31, 1980, petitioners were notified without a hearing that their applications for renewal of their licenses were being denied for failure to submit the required forms, and that the schools had 60 days to cease operations. This CPLR article 78 proceeding was commenced seeking an annulment of the determination denying the license renewals and an order permanently enjoining the department from collecting the data in question together with an order compelling the department to grant the license renewals. Special Term annulled the determinations of the department, declared that the department did not possess the authority to require private schools to report the additional information in question, and remanded the proceeding for reconsideration of the license renewal applications (109 Misc 2d 893). This appeal ensued and respondents raise several issues urging reversal.

The paramount issue raised is whether the department has the requisite authority to compel petitioners to submit the forms with the additional requested data. Special Term concluded that they did not. We arrive at a contrary conclusion. Manifestly petitioners' schools fall within the category of schools required to be licensed (Education Law, § 5001). The licenses granted to the schools pursuant to section 5003 of the Education Law were for a period of two years with the right to seek renewal. The application for renewal must be accompanied by a statistical and financial report (Education Law, § 5003, subd 2, par b). The enabling statutes were interpreted by regulation providing that when a school applies for renewal of its license it must submit with its application "annual financial reports on forms prescribed by the commissioner and * * * such other information as the commissioner may require" (8 NYCRR 126.10 [b] [2], [3]). Such broad authority both by statute

and regulation, in our view, is ample to justify respondents' right to compel the submission of the forms in question. We find additional authority for respondents' action in subdivision (8) of section 313 of the Education Law which provides in pertinent part that the Commissioner of Education "shall include in his annual report to the legislature * * * recommendations for further action to eliminate discrimination in education if such is needed". The forms, in our opinion, contribute in effectuating this legislative purpose. We find unpersuasive petitioners' contention that respondents lack authority to force petitioners to submit the forms without a specifically promulgated rule or regulation (see *Matter of Organization to Assure Servs. for Exceptional Students v Ambach,* 56 NY2d 518; *Matter of Rubin v Campbell,* 48 NY2d 805).

Petitioners also contend that the "observational technique" adopted by respondents to gather the data required by the forms was arbitrary and capricious since, *inter alia,* it amounted to only an educated guess and served no legitimate governmental purpose. Furthermore, petitioners claim that the manner of obtaining the information violated the students' right to privacy. Both contentions, in our view, lack merit. Petitioners misunderstand the real manner in which the data is to be obtained and the claimed onerous duty imposed. Initially, the schools have only to report data obtained by daily observations of the students in the classroom and school confines together with other information already in their possession gleaned from the original applications submitted by the students for acceptance by the school. While the information supplied is not foolproof, it does further the purpose of the Legislature to ascertain if any discrimination exists in the school system. It is also significant that the department is obligated, as a recipient of Federal assistance funds for use in vocational schools, to ensure that the funds are not being used in a discriminatory manner and to monitor the activities of these schools through the compilation of statistical data (44 Fed Reg 17162, 17165; 34 CFR Part 100, Appendix B). Such information would assist respondents in their affirmative continuing obligation to see that the funds are not used in a discriminatory fashion. Concerning petitioners'

contention that the technique adopted violates the students' right of privacy, we are of the opinion that it tends to ensure such right rather than violate it.

Finally, we reject petitioners' contention that they were improperly denied a hearing. It is significant that we are here concerned with a renewal application and not the suspension or revocation of an existing license. Under such circumstances, a hearing is not required (see *Matter of Hirsch v Hastings,* 70 AD2d 1052).

The judgment should be reversed, on the law, and the petition dismissed, without costs.

KANE, CASEY, WEISS and LEVINE, JJ., concur.

Judgment reversed, on the law, and petition dismissed, without costs.