■ J. W. J. CHECK CASHING CORP., Appellant, v MURIEL SIEBERT, as Superintendent of Banks of the State of New York, et al., Respondents. — Appeal by petitioner from a judgment of the Supreme Court, Kings County (Composto, J.), dated April 30, 1982, dismissing a proceeding to review a determination of the respondent Superintendent of Banks, which granted an application of the Island Check Cashing Corp. for permission to change its location. Judgment affirmed, with $50 costs and disbursements. The record establishes that the respondent Superintendent of Banks conducted an investigation to insure that the "convenience and advantage of the area" would be promoted by the change in location in question and she rationally based her decision thereon (see Banking Law, § 369, subd 1). The determination was neither arbitrary nor capricious (see *Matter of Pell v Board of Educ.,* 34 NY2d 222). Mollen, P. J., Damiani, Lazer and Mangano, JJ., concur.

■ ELAINE KOSSE, Respondent, v THEODORE KOSSE, Appellant. — In a divorce action, defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Vitale, J.), dated June 24, 1982, as transferred a related matrimonial action brought by defendant against the plaintiff wife in the Supreme Court, Queens County, to Nassau County, for a joint trial with the instant action, and directed that the wife's action should be tried first. Order modified by deleting therefrom the provision which directed that the wife's action should be tried first and substituting therefor a provision that the husband's action is to be tried first. As so modified, order affirmed, insofar as appealed from, without costs or disbursements. Although Special Term did not abuse its discretion in transferring the Queens County action to Nassau County, the court erred in directing that the wife's action be tried first. Under the circumstances, the husband's action should be tried first since it was commenced first. Mollen, P. J., Damiani, Lazer and Mangano, JJ., concur.