■ LAZARO SAUMELL, Appellant, v JOHN VAN LINDT et al., Constituting the Racing and Wagering Board, Division of Thoroughbred Racing, Respondents. — In an action, *inter alia,* for a judgment declaring that the defendants are not authorized by law to conduct a hearing to determine whether plaintiff's application for renewal of a license as a jockey should not be denied, plaintiff appeals, as limited by his brief, (1) from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Leahy, J.), dated March 9, 1984, as, upon treating plaintiff's motion for a preliminary injunction as one for summary judgment, declared that the proposed hearing on the question of the renewal of plaintiff's license as a jockey was a proper exercise of defendants' jurisdiction and authority under section 213 of the Racing, Pari-Mutuel Wagering and Breeding Law, and granted summary judgment to defendants dismissing the action, and (2) from so much of an order of the same court, dated April 23, 1984, as, upon reargument, adhered to the original determination.

Appeal from the order and judgment dated March 9, 1984 dismissed. That order and judgment was superseded by the order dated April 23, 1984, made upon reargument.

Order dated April 23, 1984, affirmed insofar as appealed from.

Defendants are awarded one bill of costs.

Special Term was correct in holding that the defendants, constituting the New York State Racing and Wagering Board, may, in the exercise of their discretion, choose to conduct a hearing on the question of the renewal of plaintiff's license as a jockey (see Racing, Pari-Mutuel Wagering and Breeding Law, § 101, subds 1, 9; § 213, subds 1, 2; 9 NYCRR part 4013; see *Matter of Fink v Cole,* 1 NY2d 48).

The other contentions raised by plaintiff have been considered and are found to be without merit. Mollen, P. J., Titone, Thompson and Weinstein, JJ., concur.