■ MEYERMAC ELMHURST, INC., et al., Appellants, v ROBERT ESNARD, as Commissioner, Department of Buildings of the City of New York, et al., Respondents. — In a proceeding pursuant to CPLR article 78 to compel the restoration of a building permit revoked by respondent Olin, petitioners appeal from a judgment of the Supreme Court, Queens County (Buschmann, J.), dated June 29, 1984, which, upon respondents' cross motion, dismissed the proceeding.

Judgment affirmed, with costs.

Special Term properly dismissed the proceeding for failure to exhaust administrative remedies (*see, Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52; *Young Men's Christian Assn. v Rochester Pure Waters Dist.,* 37 NY2d 371). Prior to commencing the instant CPLR article 78 proceeding, petitioners should have sought review by the New York City Board of Standards and Appeals pursuant to New York City Charter § 666 (7) (a) and New York City Administrative Code § C26-87.5 of the Borough Superintendent's determination to revoke the building permit (*see, Matter of Towers Mgt. Corp. v Thatcher,* 271 NY 94; *Matter of Perosi Homes v Maniscalco,* 15 AD2d 563; *Matter of Valentino v O'Connell,* 33 Misc 2d 224). We reject petitioners' claim that they were deprived of any meaningful administrative appeal to the New York City Board of Standards and Appeals because they had no opportunity to make a record. The New York City

Board of Standards and Appeals Rules of Procedure article VI (1), (5), as amended January 4, 1983, indicate that applicants appealing from orders or decisions of the Borough Superintendent are entitled to public hearings, and article I (9) thereof states that "[t]estimony at the hearing may be presented by the applicant and the owner of the subject property and by any expert or person with knowledge of the facts whom they may call". Mollen, P. J., Niehoff, Rubin and Lawrence, JJ., concur.