■ In the Matter of WALLFOR, INC., Doing Business as GARYOWENS, Respondent, v EDWIN EATON et al., Appellants.— In a proceeding pursuant to CPLR article 78 to review a determination of the Acting City Clerk of the City of Long Beach, dated July 20, 1984, which denied the petitioner's application for a mercantile license to operate its premises as a supper club in the City of Long Beach, the appeal is from an order of the Supreme Court, Nassau County (Berman, J., on the decision; Becker, J., on the order), dated January 2, 1985, which (1) annulled the Acting City Clerk's determination and remitted the matter to the City Clerk of the City of Long Beach for further proceedings in accordance with Long Beach Code § 14-115 and (2) denied the appellants' cross motion for a preliminary injunction.

Ordered that on the court's own motion, the appellants' notice of appeal is treated as an application for leave to appeal, said application is referred to Justice Mangano, and leave to appeal is granted by Justice Mangano (CPLR 5701 [b] [1]); and it is further,

Ordered that the order is modified by (1) striking the first decretal paragraph and substituting therefor a provision confirming the determination of the Acting City Clerk of the City of Long Beach, dated July 20, 1984, and dismissing the proceeding on the merits, (2) adding, at the end of the second decretal paragraph the words "without prejudice", and (3) adding a third decretal paragraph providing that the appellants' counterclaims are severed from the instant proceeding. As so modified, the order is affirmed, without costs or disbursements.

The order appealed is not appealable as a matter of right (see, CPLR 5701 [b] [1]). However, Justice Mangano has granted leave to appeal.

On June 6, 1984, the petitioner applied to the City Clerk of the City of Long Beach to change its mercantile license from one allowing the operation of a "restaurant bar & grill with stools" to one allowing the operation of a "supper club". A "supper club" is defined in Long Beach Code § 14-113 as: "any restaurant, bar, tavern, inn, saloon or other place where food or liquor or other refreshment is sold or served, in which a part or place is provided or used for dancing by patrons, or in which entertainment is provided".

On July 19, 1984, the Building Commissioner of the City of

Long Beach recommended, *inter alia,* in an interoffice memorandum to the City Clerk, that the petitioner's application to amend its mercantile license from a restaurant to a supper club be denied on the ground that the premises, if licensed as a supper club, would not be, as then constituted, in compliance with numerous requirements of the New York State Uniform Fire Prevention and Building Code (19 NYCRR part 440) (hereinafter the Uniform Code), including the requirement of an automatic sprinkler system, and the City of Long Beach's "Fire Prevention Code".

Based on the recommendation of the Building Commissioner, the Acting City Clerk of the City of Long Beach denied the petitioner's application for a mercantile license to operate the subject premises as a supper club, by letter dated July 20, 1984.

The instant proceeding was commenced by the petitioner challenging the Acting City Clerk's determination.

In its memorandum decision, Special Term held that the City Clerk of the City of Long Beach could only deny the petitioner's application pursuant to the procedure outlined in Long Beach Code § 14-115. That section provides as follows: "Upon the filing of the application for license required by this article, the city clerk shall forthwith transmit the application to the police department and it shall be investigated by the police department and a written report made to the city clerk thereon within ten (10) days. The city clerk shall thereupon issue the license. No license required by this article shall be refused, except for good cause, which shall be set forth in the police department report". Since the Acting City Clerk denied the petitioner's application for a supper club license based upon the recommendation of the Building Commissioner of the City of Long Beach, a procedure not provided for in Long Beach Code § 14-115, Special Term annulled that determination.

We disagree with the reasoning and holding of Special Term.

Long Beach Code § 14-115 is not the exclusive provision governing the issuance of mercantile licenses by the City Clerk of the City of Long Beach. Long Beach Code § 14-118 provides in pertinent part that: "No license required by this article shall, under any condition be approved by the city clerk to any applicant therefor * * * if the nightclub and supper club, poolroom, billiard room or bowling alley, dance hall, place of amusement and entertainment, game concession,

boxing arena or public place of any description in which the foregoing businesses or activities are conducted or the place in which the businesses or activities are to be located and sought to be licensed, do not comply in any way with the provisions of this Code and other city ordinances, regulations and laws applicable thereto". In the case at bar, the Acting City Clerk ascertained from the building commissioner, the municipal official traditionally charged with the enforcement of building and fire codes, that the subject premises, if licensed as a supper club, would not be, as then constituted, in compliance with various requirements of the Uniform Code, which the City of Long Beach was mandated to enforce (see, Executive Law § 381 [2]) or the City of Long Beach's Fire Prevention Code. Under these circumstances, the City Clerk of the City of Long Beach was mandated, pursuant to the clear language of Long Beach Code § 14-118, to deny the petitioner's application. Accordingly, Special Term erred in granting the petition and annulling the determination of the Acting City Clerk (cf., Monarski v Alexandrides, 80 Misc 2d 260; Matter of Valentino v O'Connell, 33 Misc 2d 224).

Finally, Special Term, in its memorandum decision, properly exercised its discretion in severing the appellants' counterclaims for injunctive relief, and denying the appellants' cross motion for a preliminary injunction "without prejudice" (CPLR 407; Matter of McNamara v Commissioner of Educ., 80 AD2d 660, 661, appeal dismissed 64 NY2d 1110; Matter of Nodine v Board of Trustees, 44 AD2d 764; 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 407.01; CPLR 6301; Jensen Assocs. v Martens, 96 AD2d 527, 528; 7A Weinstein-Korn-Miller, NY Civ Prac ¶ 6301.13). However, the order appeal from, which was entered on the decision by another Justice at Special Term, is silent on the issue of severance of the counterclaims and contains a decretal paragraph denying the appellants' motion for a preliminary injunction without the qualifying words "without prejudice". Accordingly, the order has been modified to conform with the decision in these two respects. Mangano, J. P., Bracken, Weinstein and Rubin, JJ., concur.