◼ In the Matter of DOMINICK BENVENUTO, Appellant, v SUFFOLK COUNTY DEPARTMENT OF CONSUMER AFFAIRS, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Suffolk County Department of Con-

sumer Affairs dated July 23, 1987, which denied the petitioner's application for a renewal of his license as a home improvement contractor, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Hurley, J.), dated September 16, 1987, which dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

The petitioner operated a home improvement contracting business. On or about June 25, 1987, he filed an application with the Suffolk County Department of Consumer Affairs for renewal of his license to operate a home improvement business. As part of the application the petitioner had to sign a sworn statement certifying that "there are no judgments filed against the above named individual applicant firm, except as indicated below". In the space provided the petitioner inserted the word "none".

Upon receipt of the application the respondent conducted a search and located numerous judgments which had been filed against the petitioner. Thereafter the respondent denied the petitioner's application for renewal because of the false statement he had made on the application that there were no judgments filed against him. The petitioner commenced this CPLR article 78 proceeding seeking to annul the respondent's determination.

Under Local Laws, 1974, No. 21 of Suffolk County § 1-108 (1) (b), the respondent is empowered to "deny an application for the renewal of a license", *inter alia,* for "the making of any false statement in an application for a license". In his petition the petitioner conceded that he was aware of the judgments but alleged that he did not mention them on his application because he thought they had been satisfied or stayed. Since it is clear that the petitioner's statement that there were no judgments filed against him was false, the decision of the respondent to deny the renewal of his license was supported by a rational basis and was not arbitrary and capricious *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 231).

The petitioner also claims that since his license constituted a property right due process required that there be a hearing before the respondent denied his application for renewal. However, Local Laws, 1974, No. 21 of Suffolk County § 1-108 (2) requires a hearing only where a license is to be suspended or revoked and the case law makes it clear that due process does not mandate such a hearing prior to the denial of a renewal license *(see, Matter of Lock v New York State Educ.*

*Dept.,* 102 AD2d 979, *lv denied* 64 NY2d 604; *Matter of Richard I, Inc. v Ambach,* 90 AD2d 127, 130, *affd* 61 NY2d 784, *cert denied* 469 US 822; *cf., Saumell v Van Lindt,* 105 AD2d 836). Spatt, J. P., Sullivan, Harwood and Balletta, JJ., concur.