■ In the Matter of M.S.B.A. CORP., Doing Business as TURQUOISE, Respondent, v MARCIA MARKOWITZ et al., Appellants. [806 NYS2d 77]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent City of Long Beach which denied the petitioner's application to renew its mercantile license, Marcia Markowitz, as City Clerk of the City of Long Beach, Glen L. Spiritis, as City Manager of the City of Long Beach, and the City of Long Beach appeal (1) from a judgment of the Supreme Court, Nassau County (Feinman, J.), entered August 9, 2004, which annulled the determination and (2), as limited by their brief, from so much of an order of the same court dated December 7, 2004, as granted the petitioner's cross motion to hold them in contempt to the extent of directing a hearing on their alleged violation of the judgment.

Ordered that on the Court's own motion, the notice of appeal from the order is deemed to be an application for leave to ap-

peal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the judgment is reversed, on the law, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, and the cross motion is denied; and it is further,

Ordered that one bill of costs is awarded to the appellants.

A hearing is required only where a license is to be suspended or revoked and, as case law makes clear, due process does not mandate such a hearing before the denial of a renewal license (*see Matter of Benvenuto v Suffolk County Dept. of Consumer Affairs*, 144 AD2d 455, 456 [1988]; *Matter of Active Appliance Corp. v County of Suffolk*, 251 AD2d 659 [1998]; *Matter of Richard I, Inc. v Ambach*, 90 AD2d 127, 130 [1982], *affd* 61 NY2d 784 [1984], *cert denied* 469 US 822 [1984]). The appellants' denial of the petitioner's application is supported by a rational basis and was not arbitrary and capricious (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]; *Matter of Wallfor, Inc. v Eaton*, 127 AD2d 838, 840 [1987]).

Moreover, it was error for the Supreme Court to grant the petitioner's cross motion to hold the appellants in contempt to the extent of directing a hearing on their alleged violation of the judgment. The provisions of the judgment directing the appellants to issue a license to the petitioner were automatically stayed upon the appellants' filing of a notice of appeal (*see* CPLR 5519 [a] [1]; *Matter of Lombardi v Habicht*, 293 AD2d 476, 477 [2002]) which precluded the petitioner from maintaining a contempt proceeding against the appellants during the pendency of this appeal (*see Matter of Hicks v Schoetz*, 261 AD2d 944, 945 [1999]). Schmidt, J.P., Santucci, Krausman and Covello, JJ., concur.