■ In the Matter of JEFFREY SOLOMON, Appellant, et al., Petitioner, v DEPARTMENT OF BUILDINGS OF THE CITY OF NEW YORK et al., Respondents. [847 NYS2d 568]—

Order and judgment (one paper), Supreme Court, New York County (Jane S. Solomon, J.), entered November 13, 2006, which, insofar as appealed from, denied the petition brought pursuant to CPLR article 78 for an order: (i) directing respondent to either grant petitioner-appellant's application for a master electrician license without any further hearing, or to

promulgate rules of procedure to govern the Master Electrician Licensing Board (MELB) hearings, and (ii) barring MELB from investigating the quality of petitioner's supervision by a master electrician for the requisite statutory period of time, and directing MELB to consider only petitioner's character and fitness as an applicant, and order, same court and Justice, entered January 30, 2007, granting petitioner's motion to reargue and, upon reargument, adhering to its prior determination, unanimously affirmed, without costs.

We disagree with petitioner's argument that by considering the sufficiency of petitioner's supervision by a master electrician for the requisite period, MELB would be acting in excess of its jurisdiction (CPLR 7803 [2]). Administrative Code of the City of New York § 27-3009 (c) empowers and requires MELB to, inter alia, "investigate the character and fitness of all applicants for licenses who shall have passed the required examination and shall report to the commissioner the results of such examination," and Administrative Code § 27-3010 (a) sets forth the qualifications of such applicant, including that the applicant be of "good moral character," and have $7\frac{1}{2}$ years of experience under the supervision of a licensed master electrician. Administrative Code § 27-3009 (c) does not limit MELB's review of petitioner's application for a master electrician's license to petitioner's "moral character," but rather, "[t]he responsibility for seeing to it that a license is not given to an incompetent or unfit applicant is placed on the [MELB]" (*Matter of Tchernoff v Davidson*, 36 AD2d 527, 527 [1971]), and such responsibility necessarily includes the duty to evaluate whether petitioner has satisfied the prerequisites for the license, including the minimal period of satisfactory supervision by a master electrician. Although MELB may not add requirements not stated in the statute (*see e.g. Matter of Sullivan v Miele*, 226 AD2d 308 [1996]), it is not precluded from evaluating the sufficiency of the requisite supervision, so long as that evaluation is not arbitrary, capricious, irrational or unlawful.

The court properly determined that the MELB was not required to promulgate rules of procedure governing its investigatory hearing into petitioner's license application. New York City Charter § 1046 (b) is not applicable to such hearings, but applies only where the agency is conducting an "adjudication" or "appeal," whereas the hearings at issue are investigations by MELB, resulting in recommendations to the Commissioner (Administrative Code § 27-3009), and not adjudications. Nor is the absence of promulgated rules violative of petitioner's due process rights inasmuch as he does not possess a property

right in the license he seeks compared to the license holder facing revocation or suspension of a license (*see Matter of M.S.B.A. Corp. v Markowitz*, 23 AD3d 390, 391 [2005]).

We further reject petitioner's argument that he is entitled to have his license application considered under the standards existing before certain modifications to the statutes in 2003. Just as a reviewing court rules on the basis of the law in effect at the time of the decision (*see Matter of Demisay, Inc. v Petito*, 31 NY2d 896, 897 [1972]), "a change of law pending an administrative hearing must be followed in relation to permits for future acts. Otherwise the administrative body would issue orders contrary to the existing legislation" (*Ziffrin v United States*, 318 US 73, 78 [1943]). Applications are generally determined based on the law as it exists at the time of the decision, and petitioner's stated reasons for relying on the outdated standards do not warrant a different conclusion.

We have considered petitioner's remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, Williams, McGuire and Kavanagh, JJ.