██ In the Matter of SUAT GULDAL, Appellant, v INTA-BORO TWO-WAY ASSOCIATION, INC., et al., Respondents. [904 NYS2d 476]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondents dated June 8, 2008, terminating the petitioner's driving privileges as a shareholder in the respondents' ground transportation cooperative and imposing a fine, the petitioner appeals (1) from stated portions of an order and judgment (one paper) of the Supreme Court, Queens County (Nelson, J.), dated December 22, 2008, which, inter alia, denied the petition and dismissed the proceeding, and (2), as limited by their brief, from so much of an order of the same court dated May 1, 2009, as denied that branch of his motion which was for leave to renew.

Ordered that the order and judgment dated December 22, 2008, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated May 1, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

The Supreme Court properly denied the petition and dismissed the proceeding. The petitioner did not dispute that he committed the offenses alleged. This proceeding challenged the penalty imposed. The respondents demonstrated that the determination to terminate the petitioner's driving privileges and his right to receive radio dispatch calls was made in accordance with their internal rules and procedures and, therefore, was not arbitrary and capricious. No hearing or trial was required, since the petitioner failed to raise a factual issue warranting a hearing or trial (*see* CPLR 7804 [h]; *Matter of Civil Serv. Empls. Assn., Inc., Local 1000, AFSCME, AFL-CIO v Rockland County Bd. of Coop. Educ. Servs.*, 39 AD3d 641, 643 [2007]).

That branch of the petitioner's motion which was for leave to renew was properly denied, since he did not provide a reasonable justification for his failure to present the allegedly new facts earlier (*see Samet v Binson*, 67 AD3d 989 [2009]).

The petitioner's remaining contentions are not properly before this Court (*see Matter of Panetta v Carroll*, 62 AD3d 1010 [2009]; *Matter of Blanco v Selsky*, 45 AD3d 679, 680 [2007]; *Green v New York City Police Dept.*, 34 AD3d 262, 263 [2006]). Skelos, J.P., Balkin, Roman and Sgroi, JJ., concur.