■ In the Matter of CITY SERVICES, INC., et al., Appellants, v RICHARD H. NEIMAN, Superintendent of Banks, et al., Respondents. [909 NYS2d 703]—

Judgment, Supreme Court, New York County (Carol R. Edmead, J.), entered March 17, 2010, dismissing this proceeding to annul respondent's determination that denied an application for a commercial check-cashing license, unanimously affirmed, without costs.

In 2004, the New York Legislature enacted amendments to article 9-A of the Banking Law to clarify that commercial and personal check cashers were subject to the licensing requirement of Banking Law § 367 (L 2004, ch 432, § 1; *see* Assembly Mem in Support, reprinted in 2004 McKinney's Session Laws of NY, at 1923). The statute provided that existing commercial check cashers, such as petitioner City Services, could continue operating pursuant to temporary licenses, which could be extended while their applications for a permanent license were pending.

Petitioners submitted an application disclosing that the two shareholders and officers of City Services had been convicted in 1995 of a federal felony involving the failure to file a currency transaction report in violation of the Bank Secrecy Act (31 USC § 5313 [a]). Respondent's initial determination to deny the application from City Services was proper under Banking Law § 369 (6), which bars issuance of a check-cashing license if the applicant, or any of its officers or substantial shareholders, "has been convicted of a felony in any jurisdiction or of a crime which, if committed within this state, would constitute a felony under the laws thereof," and has not been pardoned or been given a certificate of relief from disabilities or of good conduct pursuant to article 23 of the Correction Law.

Upon learning that one of City Services' two principals had received a certificate of relief from disabilities and that the convictions arose from a 1986 transaction, respondent agreed to hold the determination in abeyance and review the application. Based on review and examination of City Services' current operations, as well as his finding that the prior convictions were directly related to the license sought, respondent determined that petitioners failed to meet the character and fitness requirements under section 369 (1) for issuance of a license. Respondent relied on its examiner's conclusion, following an audit, that petitioners were operating the business in an unsafe and unsound condition, that they had refused requests to provide records critical to the examination, had steadfastly failed to co-

operate, lacked candor, and were in violation of applicable regulations.

Judicial review of an administrative determination pursuant to CPLR article 78 is limited to inquiry into whether the agency acted arbitrarily or capriciously (*J.W.J. Check Cashing Corp.*, 91 AD2d 1034 [1983]). While petitioners dispute respondent's findings, the Court may not substitute its own judgment for that of the agency, particularly with respect to matters within its expertise (*Flacke v Onondaga Landfill Sys.*, 69 NY2d 355, 363 [1987]).

The contention that the Banking Department improperly discriminated against petitioners based on the prior convictions of its principals is without merit. Since one of those principals never obtained a pardon or certificate pursuant to article 23 of the Correction Law, the antidiscrimination provisions of article 23-A of that law are inapplicable and the company is ineligible for a check-cashing license (Banking Law § 369 [6]; Correction Law § 751; *Matter of McComb v Division of Licensing Servs.*, 175 AD2d 670 [1991]). Alternatively, respondent's determination was based on a rational conclusion that the prior convictions of the two principals are directly related to the license sought, so as to permit this type of discrimination (Correction Law § 752 [1]; *Matter of C. Schmidt & Sons v New York State Liq. Auth.*, 52 NY2d 751 [1980]). We are not persuaded that respondent failed to expressly consider all the statutory factors in Correction Law § 753. In any event, respondent did properly rely on the independent evidence of petitioners' current unsatisfactory operations to conclude that they lacked the good character required for licensure and had not been rehabilitated (*see Matter of Bonacorsa v Van Lindt*, 71 NY2d 605 [1988]).

Since the Banking Law gives the Superintendent discretion to grant or deny the license, he had the authority to determine that petitioners "had no property interest in licensure or a due process right to a hearing in connection therewith" (*Matter of DeCostole Carting v Business Integrity Commn. of City of N.Y.*, 2 AD3d 225 [2003]; *see also Matter of Daxor Corp. v State of N.Y. Dept. of Health*, 90 NY2d 89, 98-99 [1997]). Neither their prior operation of the business nor the Department's renewal of their temporary license gave rise to a protectable property interest requiring a hearing or procedures for review of the application (*see Matter of Solomon v Department of Bldgs. of City of N.Y.*, 46 AD3d 370, 371-372 [2007]). Petitioners' further contention that they were subject to more exacting scrutiny than other license applicants, in violation of their equal protection rights, is without merit since they do not claim to be members of a

suspect class, and the Department audited all licensees and articulated a rational basis, related to a legitimate government interest, for subjecting petitioners to a full audit (*see Matter of Walton v New York State Dept. of Correctional Servs.*, 13 NY3d 475, 493-494 [2009]).

Petitioners were not entitled to a hearing in connection with the proceeding (CPLR 7804 [h]), since review is limited to the administrative record, and they failed to identify any issues that would require a hearing (*see Matter of Guldal v Inta-Boro Two-Way Assn., Inc.*, 74 AD3d 1198 [2010]; *Matter of Bradford v New York City Dept. of Correction*, 56 AD3d 290, 291 [2008], *lv denied* 12 NY3d 711 [2009]). Concur—Gonzalez, P.J., Andrias, Nardelli, McGuire and Abdus-Salaam, JJ. **[Prior Case History: 2010 NY Slip Op 30529(U).]**