# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

418

CA 11-00780

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

IN THE MATTER OF THE APPLICATION OF JACQUELINE
FLEMING, PETITIONER-APPELLANT,

V                                          MEMORANDUM AND ORDER

KIDSPEACE NATIONAL CENTERS, BETY FARKAS, LSMW,
PROGRAM MANAGER AND JAIME A. KOSICH, MSEDC,
FAMILY RESOURCE SPECIALIST,
RESPONDENTS-RESPONDENTS.

---

FRANK S. FALZONE, BUFFALO, FOR PETITIONER-APPELLANT.

HARRIS BEACH PLLC, BUFFALO (DALE WORRALL OF COUNSEL), FOR
RESPONDENTS-RESPONDENTS.

---

Appeal from a judgment of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered May 26, 2010 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination to "terminat[e]" her certification as a foster parent. Petitioner contends that she was denied procedural due process because she was not given notice and opportunity to be heard with respect to the termination. We reject that contention. KidsPeace National Centers (respondent) notified petitioner by letter that it would "close" her certification effective July 10, 2009. Petitioner's current certification to board children expired July 2, 2009 in any event, and thus respondent essentially notified petitioner that it would not renew her certification. "A hearing is required only where a license is to be suspended or revoked and . . . due process does not mandate such a hearing before the denial of a renewal license" (*Matter of M.S.B.A. Corp. v Markowitz*, 23 AD3d 390, 391; *see Matter of Daxor Corp. v State of N.Y. Dept. of Health*, 90 NY2d 89, 98, *rearg denied* 90 NY2d 937, *cert denied* 523 US 1074; *Testwell, Inc. v New York City Dept. of Bldgs.*, 80 AD3d 266, 273-274). Thus, the only rights petitioner had to notice and an opportunity to be heard were pursuant to respondent's own policies and the applicable state regulation, and "[t]he record amply demonstrates that these requirements were satisfied" (*Testwell, Inc.*, 80 AD3d at 274). With respect to the state regulation, petitioner was given timely notice of respondent's decision and the reasons therefor, as

required by 18 NYCRR 443.11 (a), and was afforded the requisite opportunity "to meet with an official of the agency to review the decision and the reasons for the agency decision" (18 NYCRR 443.11 [b]).  We have reviewed petitioner's remaining contentions and conclude that they are without merit.