**Riglietti v New York Dept. of Bldgs.**

2025 NY Slip Op 32271(U)

June 26, 2025

Supreme Court, New York County

Docket Number: Index No. 160831/2023

Judge: Ariel D. Chesler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    __HON. ARIEL D. CHESLER__          PART          62M

*Justice*

--------------------------------------------------------------------------------X

MICHAEL RIGLIETTI

                     Plaintiff,

               - v -

NEW YORK DEPARTMENT OF BUILDINGS, BOROUGH
OPERATIONS,

                   Defendant.

--------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160831/2023 |
| MOTION DATE | 11/03/2023 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 7, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 34, 36, 37, 38, 39

were read on this motion to/for           ARTICLE 78 (BODY OR OFFICER)    .

In this CPLR article 78 proceeding, petitioner Michael Riglietti, an experienced electrician, challenges as arbitrary and capricious respondent New York City Department of Building's (DOB or Respondent) denial of his application for a master electrician's license (ME License). Petitioner seeks an order granting its petition to annul DOB's denial of the ME License.

**Background**

In 2018, petitioner was convicted of a class C felony for grand larceny and a class D felony for violation of the prevailing wage law (Labor Law § 220) and sentenced to five years of probation. The conduct underlying the criminal conviction was petitioner's failure to pay prevailing wages and supplemental benefits to workers under various public works contracts, for over two and a half years, ending in November 2015.[1] Petitioner also submitted false certified

---

[1] Respondent states that the conduct underlying petition's conviction commenced in 2012.

**160831/2023   RIGLIETTI, MICHEAL vs. NEW YORK DEPARTMENT OF BUILDINGS, BOROUGH OPERATIONS**
**Motion No. 001**

Page 1 of 11

payroll reports to New York City government authorities. As part of his plea agreement, petitioner agreed to forfeit $2.5 million of assets for victim restitution, to be used primarily toward payments of owed prevailing wages and supplemental benefits, investigation costs, and a $300,000 stipulated payment to the New York State Insurance Fund. He also agreed to his corporation's debarment from bidding on public works projects for five years (*see* NYSCEF Doc. No. 17 [Answer, Exh 3] at 7). Petitioner admitted to taking, from government agencies, $759,984.74 that should have been paid to workers and specifically, electricians.

In late 2018, DOB commenced a license revocation proceeding against petitioner at the Office of Administrative Trials and Hearings (OATH), after which petitioner voluntarily surrendered his ME License. In October 2020, petitioner was discharged from parole early (NYSCEF Doc. No. 19 at 9), and in October of 2022, granted a Certificate of Relief from Disabilities (Certificate or the Certificate).[2]

Petitioner applied to DOB for an ME License. Without elaboration, on February 23, 2023, the Electrical License Board[3] recommended denial of petitioner's application (NYSCEF Doc. No. 21 at 4). By letter dated March 21, 2023, DOB denied petitioner's ME License application, determining that petitioner did not possess the requisite good moral character for the license, and adopting the Electrical License Board's denial recommendation. In that letter, DOB stated that petitioner's convictions bore a direct relationship to the license petitioner sought and that "'issuance of the license would involve an unreasonable risk to property or to the safety or welfare of . . . the general public'" (NYSCEF Doc. No. 22 at 2, citing Correction Law § 752).

---

[2] The enumerated relief in the Certificate was: "[e]nable registrant to obtain or renew a [p]rofessional license as a Master Electrician in the [S]tate of New York" (NYSCEF Doc. No. 19 at 2).

[3] Administrative Code of the City of New York § 27-3009 provides for a board "to review the character and fitness of applicants for" an ME License.

**160831/2023   RIGLIETTI, MICHEAL vs. NEW YORK DEPARTMENT OF BUILDINGS, BOROUGH OPERATIONS**
**Motion No. 001**

**Page 2 of 11**

2 of 11

[* 2]

DOB further addressed its reliance on the honestly of licensees, petitioner's use of his license to submit false and misleading documents to DOB, and petitioner's age, in his mid-40s, at the time he committed the offenses, opining that, by then, petitioner should then have been aware of the "imprudence" of his actions (*id*. at 3). DOB acknowledged the Certificate and rehabilitation evidence, as well as the lapse of time since the underlying offenses supporting the conviction, but deemed those factors "heavily outweighed by the serious nature of your offenses, and the bearing they have on your ability to perform the basic duties and responsibilities of a Master Electrician" (*id*.).

At petitioner's request, DOB reconsidered his ME License application, and, through letter dated July 5, 2023, adhered to its original determination (NYSCEF Doc. No. 22). In response to petitioner's reconsideration contention that DOB incorrectly balanced Correction Law § 753 factors, DOB relied upon the explanation in its earlier denial letter, discounted petitioner's voluntary surrender of his former license as taking place only after DOB filed the OATH proceeding petition, and again noted its interest in licensees conducting their businesses, and dealings, with DOB in an honest manner. DOB also opined that the extent of petitioner's conduct, resulting in his felony conviction, was more significant than that of other license applicants that petitioner addressed in his reconsideration request.

**Discussion**

It is well known that "Section 7803 of the CPLR provides for very limited judicial review of administrative agency actions. The standard of review of an agency decision denying the privilege of a license is whether the decision is arbitrary and capricious" (*Matter of Boone v New York City Dept. of Educ.*, 53 Misc 3d 380, 389 [Sup Ct, NY County 2016, Moulton, J.]; *Matter of*

**160831/2023   RIGLIETTI, MICHEAL vs. NEW YORK DEPARTMENT OF BUILDINGS, BOROUGH OPERATIONS**
**Motion No.  001**

**Page 3 of 11**

*City Servs., Inc. v Neiman*, 77 AD3d 505, 507 [1st Dept 2010] ["the Court may not substitute its own judgment for that of the agency, particularly with respect to matters within its expertise"]).

Petitioner argues that respondent failed to give proper weight to the Certificate under Correction Law article 23-A. Indeed, pursuant to Correction Law § 752, "[a]s a general matter, it is unlawful in this state for any public or private employer to deny any license or employment application 'by reason of the individual's having been previously convicted of one or more criminal offenses'" (*Matter of Acosta v New York City Dept. of Educ.*, 16 NY3d 309, 314 [2011], quoting Correction Law § 752). Exceptions to that general rule are found where: (1) "'there is a direct relationship between one or more of the previous criminal offenses and the specific license or employment sought or held by the individual'"; or (2) "'the issuance or continuation of the license or the granting or continuation of the employment would involve an unreasonable risk to property or to the safety or welfare of specific individuals or the general public'"(*id*. at 315, quoting Correction Law § 752 [1], [2]).

"The 'direct relationship' exception and the 'unreasonable risk' exception . . . may be resorted to only upon a consideration of each of the eight factors enumerated in Correction Law § 753" (*id*. at 320). Those factors are:

> "(a) The public policy of this state, as expressed in this act, to encourage the licensure and employment of persons previously convicted of one or more criminal offenses.
> (b) The specific duties and responsibilities necessarily related to the license or employment sought or held by the person.
> (c) The bearing, if any, the criminal offense or offenses for which the person was previously convicted will have on his fitness or ability to perform one or more such duties or responsibilities.
> (d) The time which has elapsed since the occurrence of the criminal offense or offenses.
> (e) The age of the person at the time of occurrence of the criminal offense or offenses.
> (f) The seriousness of the offense or offenses.
> (g) Any information produced by the person, or produced on his behalf, in regard to his rehabilitation and good conduct.
> (h) The legitimate interest of the public agency or private employer in protecting property, and the safety and welfare of specific individuals or the general public"

**160831/2023   RIGLIETTI, MICHEAL vs. NEW YORK DEPARTMENT OF BUILDINGS, BOROUGH OPERATIONS**
**Motion No. 001**

**Page 4 of 11**

4 of 11

(Correction Law § 753 [1]). "In making a determination [under Correction Law § 752], the public agency . . . shall also give consideration to a certificate of relief from disabilities . . . issued to the applicant, which certificate shall create a presumption of rehabilitation in regard to the offense or offenses specified therein" (Correction Law § 753 [2]). "Direct relationship," in Correction Law § 752 "means that the nature of criminal conduct for which the person was convicted has a direct bearing on his fitness or ability to perform one or more of the duties or responsibilities necessarily related to the license, opportunity, or job in question" (Correction Law § 750 [3]).

Regarding the ME License, section 27-3010 (a) of the Administrative Code of the City of New York (Administrative Code, tit 27, ch 3), which is the New York City Electrical Code, provides that:

> "An applicant for a license as a master electrician or special electrician must be over the age of twenty-one years, of good moral character and, at the time of applying for examination, shall have had, during the ten (10) years immediately preceding his or her application, at least seven and one-half (7[-] 1/2) years or the equivalent as indicated below and during such time a minimum of ten thousand five hundred (10,500) hours or the equivalent as indicated below of satisfactory experience in the installation, alteration and repair of wiring and appliances for electric light, heat and power in or on buildings or comparable facilities."

DOB's determination to deny petitioner's application for the ME License for lack of good moral character was not arbitrary and capricious. The determination reflects that DOB considered the specific duties and responsibilities related to the ME License, as it states that:

> "A Master Electrician license authorizes an individual to not only perform and supervise electrical work of unlimited voltage, but also enter into electrical construction contracts with the public and government entities. As part of their duties, Master Electricians regularly interact with inspectors and clerical staff and file insurance certificates and work applications with the Department. They are also the only individuals permitted to operate Master Electrician Businesses, advertise their services and bid on electrical projects in New York City. To ensure the safe performance of electrical work, the

**160831/2023   RIGLIETTI, MICHEAL vs. NEW YORK DEPARTMENT OF BUILDINGS, BOROUGH OPERATIONS**
**Motion No. 001**

**Page 5 of 11**

5 of 11

Department relies on its licensees to comply with all provisions of the Electrical Code, fairly deal with Department personnel and honestly operate their businesses"

(NYSCEF Doc. No. 22 at 3). DOB found that petitioner's convictions were directly related to his fitness and ability to perform the duties and responsibilities required for the ME License. In particular, DOB found that

"[d]ue to the obvious hazards associated with electrical work and public corruption, your actions and subsequent convictions are considered to be of a serious nature that adversely reflect on your honesty and raises concerns regarding your fitness and ability to perform the duties of a Master Electrician, especially given that you used your Master Electrician license and related business to commit your offenses. During the use of your Master Electrician license, you falsified documents and willfully submitted them to a government agency. By submitting falsified payroll reports related to your government contracts, your actions demonstrated your willingness to violate the law and to submit false and/or misleading documentation to the Department"

(*id*.; *see also* Doc. No. 24 at 1 [stating that petitioner's "conduct resulting in [his] convictions demonstrated poor moral character and reflected poorly on [his] ability to perform the duties of a Master Electrician, especially given that [his] Master Electrician license and related business were used to commit these offenses"]).

Petitioner argues that DOB's written determinations are conclusory, fail to meaningfully address each of the required Correction Law factors or the Certificate, or to assess how a ten-year old financial offense would bear on his ability to perform as a master electrician.[4] While pro forma denial of an application based upon a prior conviction is not permissible, there is no requirement for specificity in the notification to the applicant regarding each section 753 factor (*Matter of Acosta*, 16 NY3d at 318, 320). The record does not support petitioner's contention that DOB failed to consider the Correction Law factors, as is required (*see id*. at 316), or that

_____

[4] Petitioner argues that after he underpaid workers, he complied with prevailing wage law and operated his business legally. The record does not reflect that petitioner provided evidence to DOB as to the reason he did this.

**160831/2023   RIGLIETTI, MICHEAL vs. NEW YORK DEPARTMENT OF BUILDINGS, BOROUGH OPERATIONS**
**Motion No. 001**

**Page 6 of 11**

6 of 11

[* 6]

DOB' improperly found a direct relationship between the offense and the ME License (*see Matter of Inglese v LiMandri*, 89 AD3d 604, 605 [1st Dept 2011] [conviction of a crime directly related to the use of the subject license demonstrated poor moral character]). There is no record evidence demonstrating that those holding ME Licenses do not, as part of their duties, regularly interact with inspectors and DOB clerical staff or file documents, such as insurance certificates and work applications, as stated by DOB. Petitioner correctly argues that the record contains no challenge to the quality of his electrical work, so that there is no evidence of danger to life or property based on instances of faulty electrical work. Even so, petitioner does not demonstrate that DOB's determinations as to the duties and responsibilities of ME License applicants is limited to only strict consideration of an applicant's technical ability.

The Certificate entitled petitioner to a presumption of rehabilitation in regard to the specified offense (*see* Correction Law § 753 [2]), but that does not "in any way prevent any judicial, administrative, licensing or other body, board or authority from relying upon the conviction specified therein as a basis for the exercise of its discretionary power to suspend, revoke, refuse to issue or refuse to renew any license, permit or other authority or privilege" (Correction Law § 701 [3]). DOB's determinations directly reference the Certificate, but indicate that greater weight was accorded other Correction Law § 753 factors, such as petitioner's age when the offenses were committed and the seriousness of those offenses. At essence, what petitioner seeks is that the court impermissibly accord different weight to the Correction Law § 753 factors than did DOB.

Petitioner argues that, under *Matter of Bovich v LiMandri* (116 AD3d 489, 489 [1st Dept 2014] [involving stationary engineer license] and *Matter of Dellaporte v New York City Dept. of Bldgs.* (106 AD3d 446, 447 [1st Dept 2013] [same]), respondent is required to provide

**160831/2023  RIGLIETTI, MICHEAL vs. NEW YORK DEPARTMENT OF BUILDINGS, BOROUGH OPERATIONS**
**Motion No. 001**

**Page 7 of 11**

7 of 11

independent evidence to rebut the presumption accompanying the Certificate. [5]  However, the Court of Appeals has held that a Certificate does not necessarily require an agency to submit independent evidence (see *Matter of Bonacorsa v Van Lindt*, 71 NY2d 605, 614 [1988]).  Rather, rehabilitation is one of the eight factors to consider in a Correction Law § 753 analysis (*id.*), with the weight accorded each factor "beyond the power of judicial review" (*Arrocha*, 93 NY2d at 367 [stating that courts may not engage in a re-weighing of the factors]).

Petitioner's reply contention, that he only wants the ME License so that he can work unsupervised, and was not seeking approval to be the responsible representative of a business (*see* Administrative Code § 27-3004 [defining responsible representative]), ignores DOB record evidence of his letter to the Nassau County District Attorney in support of his application for the Certificate.  In that letter petitioner states: "[i]f given the chance to be a business owner again, I will make sure that I abide by all laws and run an upstanding business" and "I respectfully request the court's assistance in granting the [Certificate] which will provide me the opportunity to be a business owner again in the field that I love" (NYSCEF Doc. No. 2 at 2).  In addition, petitioner's counsel, in the reconsideration request before DOE, argued that the issuance of the ME License would allow petitioner to "prove that he can lawfully manage a business" (NYSCEF Doc. No. 3 at 5).  Assuming that petitioner does not become a business owner again, [6] he has

---

[5] This case is also distinguishable from *Matter of Bovich* (116 AD3d at 490 [determining that conviction had no relationship to duties and stating that there was "no evidence that petitioner had submitted false documents relating to his stationary engineer responsibilities"]) and *Matter of Dellaporte* (106 AD3d at 447-448) because in those cases DOB changed its prior position regarding the licenses of the involved stationary engineers and denied renewal after previously having renewed the licenses, many times, even though the convictions had then been disclosed.

[6] That petitioner did not fill out the sections of the license application concerning being the "responsible representative" for a corporation or partnership (NYSCEF Doc. No. 15 at 2), does not demonstrate that petitioner would not be the responsible representative as a sole proprietor (Administrative Code § 27-3004 [d] ["The proprietor of a sole proprietorship shall be the responsible representative of such sole proprietorship"]).

**160831/2023   RIGLIETTI, MICHEAL vs. NEW YORK DEPARTMENT OF BUILDINGS, BOROUGH OPERATIONS**
**Motion No.  001**

**Page 8 of 11**

[* 8]

made no showing that DOB's recitation of master electrician duties and responsibilities, such as the noted filings, would not apply.  As petitioner has not met his burden to demonstrate that DOB improperly determined that the direct relationship exception applied, it is unnecessary to reach his contentions regarding the unreasonable risk exception.

That the Correction Law direct relationship exception applies does not end the inquiry here. Petitioner contends that in denying the application based on petitioner's guilty plea, respondent departed, without justification or explanation, from its own precedent, in which applicants with similar, or more substantial, prevailing wage law violations were permitted to maintain an ME License.  It is well established that "[a] decision of an administrative agency which neither adheres to its own prior precedent nor indicates its reasons for reaching a different result on essentially the same facts is arbitrary and capricious" (*Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington*, 97 NY2d 86, 93 [2001] [citation and internal quotation marks omitted]).

In petitioner's reconsideration request to DOB, he argued that DOB's denial was arbitrary and capricious because other electrical contractors that violated the prevailing wage law and committed other offenses were not denied an ME License (NYSCEF Doc. No. 23 at 3-4). Petitioner provides information about quite a few instances where master electrician licensees were involved in the underpayment of prevailing wages and/or were found to have falsified payroll records yet are still licensed.  Addressing these submissions, DOB, in its July 2023 reconsideration letter, opined only that the extent of petitioner's conduct, resulting in his felony convictions, was "considerably more significant," and would have warranted revocation of petitioner's license had petitioner not voluntarily surrendered it (NYSCEF Doc. No 4 at 2-3).

**160831/2023   RIGLIETTI, MICHEAL vs. NEW YORK DEPARTMENT OF BUILDINGS, BOROUGH OPERATIONS**
**Motion No.  001**

**Page 9 of 11**

Respondent argues that petitioner submits no information regarding many of the Correction Law § 753 factors regarding others. To the extent this is relevant, DOB appears to have relied only on the seriousness of the offenses (Correction Law § 753 [1] [f]), to address petitioner's reconsideration contentions about disparate treatment.

Respondent contends that DOB addressed the conviction and penalty, and that petitioner does not point to an instance where the criminal offenses and penalties of other licensees are as extensive as those incurred by petitioner. Respondent adds that there is no indication that any other master electrician licensee entered a guilty plea to class C and D felonies, with an accompanying $2.5 million fine. Respondent contends that appropriate analogies, regarding prior DOB enforcement actions, are demonstrated in *Department of Buildings v Gabbidon* (OATH, Index No. 1073/03, Aug. 4, 2003, Raymond E. Kramer, ALJ] [recommending revocation of ME License based upon lack of good moral character due to licensee's underpayment of prevailing wages to two employees and submission of false certified payroll records to a government agency]) and *Department of Buildings v Benardis* (OATH, Index No. 2488/19, Oct. 22, 2019, Kevin F. Casey, ALJ [recommending, on default, general contractor's registration revocation, for lack of fitness, based upon the willful violation of prevailing wage law, falsification of payroll records, and failure to cooperate with the investigation]). However, DOB makes no showing that it relied on either OATH matter, regarding petitioner, or regarding the ME License applicants that petitioner claims engaged in conduct similar to his. In reply, petitioner argues that respondent improperly focuses on the penalties petitioner received, rather than his conduct.

While DOB's July letter articulates a basis for deviation, that articulation is conclusory regarding the precedent issue raised in petitioner's reconsideration request. On this record, the

**160831/2023   RIGLIETTI, MICHEAL vs. NEW YORK DEPARTMENT OF BUILDINGS, BOROUGH OPERATIONS**
**Motion No.  001**

**Page 10 of 11**

[* 10]

10 of 11

court declines to mandate the issuance of a master electrician's license to petitioner but requires that DOB render a determination with more comprehensive consideration regarding precedent.

**Conclusion**

Accordingly, it is

ORDERED and ADJUDGED that the petition is granted to the extent of remanding this matter to the New York City Department of Buildings and the proceeding is remanded for further proceedings consistent with this decision.[7]

| 6/26/2025 | | ARIEL D. CHESLER, J.S.C. |
| --- | --- | --- |
| **DATE** | | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
| --- | --- | --- | --- | --- | --- |
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

---

[7] Copies of documents that parties want considered in any future applications, if any, should be uploaded to NYSCEF, and not provided through links.

**160831/2023   RIGLIETTI, MICHEAL vs. NEW YORK DEPARTMENT OF BUILDINGS, BOROUGH OPERATIONS**
**Motion No.  001**

**Page 11 of 11**

11 of 11

[* 11]