■ In the Matter of STANLEY GLUCK et al., Respondents, v CITY OF SYRACUSE, Appellant. [665 NYS2d 135] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed and cross motion denied. Memorandum: In 1977 defendant, City of Syracuse (City), enacted a general ordinance that provided for the issuance of a limited number of airport medallions to independent taxicab operators upon payment of a fee. The medallions were valid for one year and permitted the taxicab operators to pick up passengers at the airport that is owned and operated by the City. The ordinance was amended over the years to authorize the Chief of Police to determine the number of medallions to be issued each year and to permit holders of the medallions to transfer and assign their medallions to other parties. In 1987 the City adopted an ordinance (Gen Order No. 2-1987) that repealed those provisions of the City ordinance providing for the issuance of airport medallions, and entered into an agreement with Syracuse Airport Metroplex, Inc., to provide ground transportation service at the airport.

Plaintiffs, taxicab operators who held medallions prior to the repeal of the 1977 ordinance, commenced a CPLR article 78 proceeding to enjoin the City from revoking the airport medallions without due process. That proceeding was dismissed, but plaintiffs were permitted to bring this action seeking money damages for violation of their property rights in the medallions. The City moved for summary judgment dismissing the complaint and plaintiffs cross-moved for partial summary judg-

ment declaring that they had property rights in the airport medallions that had been taken without just compensation. Supreme Court determined that "[p]laintiffs had a property right [in the medallions] that was taken by the City without just compensation". We disagree.

Plaintiffs have no protected property right in their airport taxi medallions for which they are entitled to compensation under the Fifth Amendment of the US Constitution (*see, Matter of Daxor Corp. v State of New York Dept. of Health,* 90 NY2d 89). The focus of plaintiffs' claimed property interest must be on the ordinance from which the licenses derive (*see, Matter of Daxor Corp. v State of New York Dept. of Health, supra,* at 98). The City has plenary authority to enact ordinances that define the scope of any entitlement and the concomitant authority to enact new ordinances that eliminate that entitlement (*see, Big Apple Food Vendors' Assn. v City of New York,* 228 AD2d 282, 283, *appeal dismissed* 88 NY2d 1064, *lv denied* 89 NY2d 807). Although annual renewal of the medallions may have been routine, plaintiffs were not vested with any protected property right; the medallions on their face indicated their expiration date. The fact that a medallion was issued for a vehicle, rather than a person, and was required to be surrendered on transfer or destruction of the vehicle indicates that the medallion lacked the characteristics of personal property. Furthermore, the provision in the ordinance that the Chief of Police had full discretion to determine the number of medallions to be issued supports the determination that the medallions lacked an essential quality of "investment-backed expectations" that must be compensated if taken by the City (*Loretto v Teleprompter Manhattan CATV Corp.,* 458 US 419, 426). The City is not required by the Fifth Amendment to compensate plaintiffs for their unilateral expectations of profit (*see, United States v Cox,* 190 F2d 293, 295, *cert denied* 342 US 867). (Appeal from Order of Supreme Court, Onondaga County, Mordue, J.—Summary Judgment.) Present—Denman, P. J., Hayes, Callahan, Doerr and Fallon, JJ.