■ In the Matter of HOLLYWOOD CARTING CORP. et al., Appellants, v CITY OF NEW YORK et al., Respondents. [733 NYS2d 25] —Order and judgment (one paper), Supreme Court, New York County (Jane Solomon, J.), entered on or about June 7, 2000, which dismissed the petition brought pursuant to CPLR article 78 to annul respondents' determination denying petitioners' license application and vacated the temporary restraining order, unanimously affirmed, without costs.

The Commission properly exercised its discretion (*see, Sanitation & Recycling Indus. v City of New York*, 107 F3d 985, 995) in denying petitioners' applications for waste carter licenses on the ground that their principals lacked the requisite good character, honesty and integrity (Administrative Code of City of NY § 16-509 [a]). The Commission's finding that petitioners' principals had lied during their investigative depositions both about their knowledge of the waste carter cartel and their participation in it was supported by substantial circumstantial evidence (*cf., Matter of Enviro-Probe, Inc. v New*

*York City Dept. of Envtl. Protection,* 222 AD2d 376, 378), which included petitioners' lengthy experience in the waste carter business in Queens while the area was under the influence of the illegal cartel, the size of their operation, their membership in the Queens County Trade Waste Association, confidential informant affidavits and the testimony of several others in the waste carter business. Although the statement of an anonymous informant set forth in one of the affidavits submitted by the Commission was not the only evidence of petitioners' participation in the cartel, we note that such hearsay may be competent to support the type of administrative determination challenged here (*see, Sewell v City of New York,* 182 AD2d 469, 473). Petitioners, who lack a property right in the licenses they seek, were afforded a sufficient opportunity to be heard (*Sanitation & Recycling Indus. v City of New York, supra; see also, Matter of Daxor Corp. v State of N. Y. Dept. of Health,* 90 NY2d 89, 100, *cert denied* 523 US 1074). Accordingly, the Commission's determination was rational and not arbitrary and capricious (*Matter of Nehorayoff v Mills,* 95 NY2d 671, 675). Giving due deference to the administrative agency, we perceive no abuse of discretion in the penalty imposed (*see, Matter of Featherstone v Franco,* 95 NY2d 550, 554). Concur—Sullivan, P. J., Mazzarelli, Wallach, Rubin and Friedman, JJ.