■ In the Matter of JOHN J. SINDONE, Appellant, v CITY OF NEW YORK et al., Respondents. [767 NYS2d 438]—

Order and judgment (one paper), Supreme Court, New York County (Michael Stallman, J.), entered September 12, 2002, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 to annul respondent Commission's determination that petitioner lacks the good character, honesty and integrity to work as a principal or employee in New York City's waste hauling industry, unanimously affirmed, without costs.

Petitioner's argument that he had a due process right to a hearing respecting his qualifications for employment in the trade waste industry in the City of New York is without merit. Petitioner had no property right in being employed as a principal with a licensed carter; respondent Commission's broad discretion to grant, deny or revoke a carter's license is preclusive of any claim of entitlement by petitioner to employment within New York City's trade waste industry (*see Sanitation & Recycling Indus., Inc. v City of New York*, 107 F3d 985, 995 [1997]; *Tocci Bros., Inc. v City of New York*, 2000 WL 1134367, *9, 2000 US Dist LEXIS 10948, *26-27 [ED NY, Aug. 3, 2000]; *see also* Administrative Code of City of NY§ 16-508 [c]).

The evidence indicating that petitioner gave misleading or untruthful information in connection with, inter alia, his former membership in an indicted trade waste association and his recent applications for employment by carters licensed by the Commission, that petitioner was a member of a trade waste association indicted for antitrust violations, and that he had been a principal in a trade waste business that did business with a known organized crime figure, provided a rational basis for the challenged determination (*see* Administrative Code § 16-509 [a] [i], [vi], [vii]; § 16-520 [j] [i] [aa]; *see generally Matter of Pell v Board of Educ.*, 34 NY2d 222, 230-231 [1974]; *Matter of Hollywood Carting Corp. v City of New York*, 288 AD2d 71 [2001]).

Petitioner's argument that he was subjected to impermissible discriminatory treatment by reason of his Italian ancestry is wholly conclusory. There is no indication that respondent treated petitioner differently from other similarly situated individuals (*see Zahra v Town of Southold*, 48 F3d 674, 683-684 [1995]). Nor was there any showing to support petitioner's claim that his associational rights were violated by respondent's application of Local Law No. 42 (1996) of the City of New York (*see Sanitation & Recycling Indus., Inc.*, 107 F3d at 996-1000).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Nardelli, J.P., Mazzarelli, Rosenberger, Lerner and Friedman, JJ.