■ In the Matter of DeCostole Carting, Inc., Appellant, v The Business Integrity Commission of the City of New York, Respondent. [768 NYS2d 317]—

Order, Supreme Court, New York County (Lewis Bart Stone, J.), entered June 24, 2003, which, inter alia, denied the petition brought pursuant to CPLR article 78 to annul respondent's determination denying petitioner a waste-carting license, unanimously affirmed, without costs.

The discretionary refusal to grant the license was within the Commission's statutory authority and petitioner had no property interest in licensure or a due process right to a hearing in connection therewith (*see Matter of Daxor Corp. v State of New York Dept. of Health*, 90 NY2d 89 [1997]; *Matter of Hollywood Carting Corp. v City of New York*, 288 AD2d 71 [2001]; *Sanitation & Recycling Indus., Inc. v City of New York*, 107 F3d 985 [1997]).

A review of the record confirms that there was a rational basis for respondent's findings that petitioner, by participating in the mob-controlled waste cartel's property rights system, failing to provide truthful information to the Commission and obstructing a 2002 investigation into alleged deceptive trade practices, committed anticompetitive racketeering acts, and that the Commission's consequent determination that petitioner did not possess the requisite "character, honesty and integrity" for licensure was not arbitrary and capricious (*see* Administrative Code of City of NY § 16-509 [a]; *Tocci Bros. v Trade Waste Commn. of City of N.Y.*, 251 AD2d 160 [1998], *lv denied* 92 NY2d 812 [1998]; *Matter of Hollywood Carting Corp. v City of New York, supra*).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Nardelli, J.P., Tom, Mazzarelli and Ellerin, JJ.