■ In the Matter of THOMAS ATTONITO et al., Respondents, v JOSE MALDONADO, as Chair of the Business Integrity Commission, et al., Appellants. [771 NYS2d 97]—

Judgment, Supreme Court, New York County (Walter Tolub, J.), entered on or about May 9, 2003, which, insofar as appealed from as limited by the briefs, granted the petition dated January 7, 2003, permanently enjoined respondents from proceeding with an administrative hearing, directed respondents to grant petitioners an exemption from licensing and a Class 2 registration, nunc pro tunc, and found respondents in civil contempt for a violation of a prior order of the same court, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the petition denied and the order of contempt vacated.

Petitioner Whitney Trucking, Inc. (Whitney) is purportedly in the business of removing demolition debris from construction sites, and petitioners Thomas Attonito and Joseph Attonito are Whitney's president and vice-president, respectively. In March 2000, Whitney applied to respondent Business Integrity Commission (the BIC) for an exemption from the licensing requirements applicable to businesses which operate as trade waste removers.

After conducting a deposition of Thomas Attonito, the BIC served Whitney with a notice of hearing, charging it with operating an unregistered trade waste removal business, in contravention of Administrative Code of the City of New York § 16-505. Whitney thereafter commenced its first CPLR article 78 proceeding, in the nature of mandamus, seeking to compel the BIC to issue an exemption and registration to Whitney, and for an order permanently staying the administrative proceeding or, in the alternative, staying such proceeding pending the completion of criminal proceedings against Thomas Attonito and Joseph Attonito. The Supreme Court issued a temporary restraining order staying the administrative proceeding "pending the hearing of this motion."

The administrative proceeding was marked off the BIC's calendar but, pursuant to Whitney's pending exemption application, the staff of the BIC recommended (the recommendation) the application be denied on the grounds that: (1) the application contained materially false information; (2) the applicant's principal, Thomas Attonito, provided materially false information at his deposition; (3) there were pending criminal charges

against Whitney's president for filing a false instrument and perjury, charges associated with the application filed by Whitney for the exemption and registration; (4) Whitney had engaged in "unregistered activity" (regarding trade waste removal without registration); (5) a loaded, unregistered and altered pistol was discovered in the office desk of the applicant during the execution of a search warrant; (6) certain criminal charges against the applicant for illegal dumping were pending; and (7) Whitney allegedly operated an illegal waste transfer station and obstructed governmental administration by failing to permit certain governmental inspections.

Whitney subsequently commenced a second article 78 proceeding seeking an order permanently enjoining the enforcement of the recommendation, and finding the BIC in civil contempt for disobeying the court's prior temporary restraining order on the ground that the recommendation constituted a new proceeding that "envelop[s] the administrative proceeding" that the prior order stayed.

Supreme Court consolidated the two proceedings for disposition and held, inter alia, that: the issuance of the exemption and registration, pursuant to Administrative Code § 16-505, was mandatory, the only prerequisite being that the applicant filled out the proper form; the BIC was without authority to compel the deposition of Thomas Attonito, or serve subpoenas on third parties, until after the exemption and registration was issued; and the BIC should be held in contempt because its recommendation was "a clear attempt to circumvent the restraining order" and "was calculated to impair the rights of petitioners." Respondents appeal and we now reverse.

In rendering its judgment, Supreme Court determined that pursuant to Administrative Code § 16-505, the BIC was required to grant Whitney the registration so long as the proper application was completed, and that the agency could not conduct an investigation of Whitney, or its principals, until after the registration had been issued. Administrative Code § 16-505 (a) provides, in pertinent part, that "[g]rant of such exemption shall be made . . . upon its review of an exemption application." While Supreme Court apparently concluded that "review" limited the BIC to a cursory examination of the application in order to determine if it was filled out, Administrative Code § 16-504 delineates the "Powers and duties" of the BIC, and subdivision (c) provides that these powers "include but [are] not limited to . . . investigat[ing] any matter within the jurisdiction conferred by this chapter and to have full power to compel the attendance, examine and take testimony under oath of such

persons as it may deem necessary in relation to such investigation, and to require the production of books, accounts, papers and other evidence relevant to such investigation."

We harbor no doubt that an application for an exemption pursuant to Administrative Code § 16-505 falls within the purview of Administrative Code § 16-504 (c). Moreover, Administrative Code § 16-509 (b) permits the BIC to "refuse to issue a license *or registration* to an applicant . . . who has knowingly failed to provide the information and/or documentation required by the [BIC]" (emphasis added). In sum, the BIC may "review" the application for an exemption and registration (Administrative Code § 16-505), may investigate any matter within its jurisdiction (Administrative Code § 16-504 [c]), and may deny such application in those cases where the applicant fails to provide the necessary information, or knowingly provides false information (Administrative Code § 16-509 [b]). Accordingly, the BIC was not precluded from investigating the accuracy of the information provided by petitioners in their application.

With regard to the order of contempt, we have held that in order for a court "to find that a party is in civil contempt, a lawful judicial order expressing an unequivocal mandate must have been in effect and disobeyed . . . and it must be demonstrated that its failure to comply therewith prejudiced the rights of a party to the litigation" (*Garcia v Great Atl. & Pac. Tea Co.*, 231 AD2d 401, 402 [1996]; *see also McCain v Dinkins*, 84 NY2d 216, 226 [1994]).

Here, Supreme Court erred when it held the BIC in civil contempt as the agency did not violate a clear mandate of the court, having stayed the administrative proceedings as ordered. Moreover, the recommendation was based upon information gathered prior to the stayed hearing. Concur—Nardelli, J.P., Mazzarelli, Andrias, Sullivan and Lerner, JJ.