■ RAPID DEMOLITION CONTAINER SERVICES, INC., Appellant, v JOSE MALDONADO, as Chairman of the City of New York Business Integrity Commission, et al., Respondents. [801 NYS2d 283]—

Judgment, Supreme Court, New York County (Faviola A. Soto, J.), entered December 16, 2004, dismissing the complaint, pursuant to an order, same court and Justice, entered November 10, 2004, which granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for summary judgment, unanimously affirmed, without costs.

We deem the appeal to have been taken from the judgment (CPLR 5520 [c]; *see Robertson v Greenstein*, 308 AD2d 381 [2003], *lv dismissed* 2 NY3d 759 [2004]). Assuming arguendo plaintiff's business is limited to the removal of construction and demolition debris generated at residences, we do not disagree with—and defer to—defendant Business Integrity Commission's interpretation of the term "commercial establishment" in Administrative Code of City of NY § 16-505. Thus, the focus of these licensing requirements is on the entities that generate trade waste, including construction and demolition debris (*see* Administrative Code § 16-501 [f]), rather than on the location of the waste (*see Matter of Salvati v Eimicke*, 72 NY2d 784, 791 [1988]). Applying that interpretation, plaintiff's own billing receipts, showing its regular engagement by commercial construction and demolition contractors, require us to find that it is engaged in the business of collecting the trade waste of commercial establishments. Plaintiff is therefore required to apply for a license or an exemption in accordance with Administrative Code § 16-505.

We have considered plaintiff's other arguments and find them unavailing. Concur—Friedman, J.P., Marlow, Gonzalez and Catterson, JJ.