■ DeCostole Carting, Inc., Appellant, v Jose Maldonado et al., Respondents. [826 NYS2d 712]—

In a hybrid action for a judgment declaring that the plaintiff is exempt from the requirements of Local Law No. 42 (1996) of City of New York, including the requirements set forth in Administrative Code of the City of New York § 16-505 (a), and for injunctive relief, and proceeding in the nature of mandamus to compel the defendants to grant the plaintiff's application for an exemption pursuant to Administrative Code § 16-505 (a), the plaintiff appeals from an order of the Supreme Court, Kings County (Dabiri, J.), dated March 31, 2005, which denied its motion, inter alia, to preliminarily enjoin the defendant from preventing it from operating a business engaged in the hauling of construction and demolition debris from residential and not-for-profit premises, and granted the defendant's cross motion for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment declaring that the plaintiff is subject to the requirements of Local Law No. 42 (1996) of City of New York, including the requirements set forth in Administrative Code § 16-505 (a).

In 1996 the City of New York enacted Local Law 42 (Administrative Code title 16-A) to fully regulate the waste carting business to deter infiltration of the business by organized crime (*see generally Sanitation & Recycling Indus., Inc. v City of New York,* 107 F3d 985, 990-992 [1997]). Under Local Law 42, all trade waste businesses, including those such as the plaintiff which had been previously licensed, were required to apply for a new license from the New York City Trade Waste Commission, now the City of New York Business Integrity Commission (hereinafter BIC). Trade waste is defined in pertinent part as materials or substances discarded or rejected by a commercial establishment required to provide removal of the waste (*see* Administrative Code § 16-501 [f]).

In August 2002 BIC denied the plaintiff's application for a BIC license, and that determination was thereafter confirmed (*see Matter of DeCostole Carting v Business Integrity Commn. of City of N.Y.,* 2 AD3d 225 [2003]).

The plaintiff then brought this hybrid action and proceeding contending that its business was now confined to hauling construction and demolition debris from residential and not-for-profit premises, and therefore was not subject to the requirements of Administrative Code § 16-505 (a). The plaintiff maintained that it was entitled to an exemption from the licensing requirement without filing an application therefor. In the alternative, the plaintiff filed an application for an exemption pursuant to Administrative Code § 16-505 (a) simultaneously with the commencement of the instant action and proceeding and sought to compel BIC to grant the application.

The Supreme Court denied the plaintiff's motion for injunctive relief and granted the defendants' cross motion for summary judgment. We affirm.

Construction and demolition debris from residential sites and sites owned by not-for-profit entities generated by commercial establishments performing the construction work constitutes the trade waste of commercial establishments. Consequently, such activity is subject to the provisions of Local Law No. 42 (1996) of City of New York and more specifically the requirements set forth in Administrative Code § 16-505 (a) (*see Rapid Demolition Container Servs., Inc. v Maldonado,* 21 AD3d 812 [2005]). The plaintiff must either apply for a license or apply for an exemption pursuant to Administrative Code § 16-505 [a]).

The granting of an application for an exemption is not a ministerial act and there is no clear legal right to such relief (*see Matter of Attonito v Maldonado,* 3 AD3d 415 [2004]). The question of whether the plaintiff's application should be granted or denied is not ripe for judicial review since there is no determination of the application in the record (*see Matter of Modern Landfill, Inc. v New York State Dept. of Envtl. Conservation,* 21 AD3d 1381 [2005]; *Matter of Demers v New York State Dept. of Envtl. Conservation,* 3 AD3d 744, 746 [2004]).

Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of an appropriate judgment declaring that the plaintiff is subject to the requirements of Local Law No. 42 (1996) of City of New York, including the requirements set forth in Administrative Code § 16-505 (a) (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Goldstein, J.P., Skelos, Lunn and Covello, JJ., concur.