■ EdCia Corporation, Appellant, v Thomas McCormack et al., Respondents. [845 NYS2d 104]—

In a hybrid action for a judgment declaring that the plaintiff is exempt from the licensing provisions of Local Law No. 42 (1996) of City of New York, including the requirements set forth in the Administrative Code of the City of New York § 16-505 (a), and for injunctive relief and, in effect, a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the defendants to grant the plaintiff's application for an exemption pursuant to the Administrative Code of the City of New York § 16-505 (a), the plaintiff appeals from an order of the Supreme Court, Richmond County (Mega, J.), dated August 1, 2006, which denied its motion for a preliminary injunction enjoining the defendants from interfering with the operation of its business of removing waste materials and other construction debris from governmental public construction, demolition, alteration, and excavation projects and other noncommercial establishments.

Ordered that the order is affirmed, with costs.

In 1996, the City of New York enacted Local Law No. 42 (Administrative Code of City of New York title 16-A) to fully regulate the waste carting business to deter infiltration of the business by organized crime (*see generally Sanitation & Recycling Indus., Inc. v City of New York*, 107 F3d 985, 990-992

[1997]). Under Local Law No. 42, all businesses removing trade waste from "commercial establishments," including those businesses which had been previously licensed, were required to obtain a license from the New York City Trade Waste Commission, now the defendant City of New York Business Integrity Commission (hereinafter the BIC). The chairman of the BIC is the defendant Thomas McCormack (hereinafter collectively the defendants). Trade waste is defined, in pertinent part, as materials or substances that are discarded or rejected by a "commercial establishment" which is required to provide for the removal of its waste pursuant to Administrative Code § 16-116 (*see* Administrative Code § 16-501 [f]). Administrative Code § 16-116 requires that every owner or person in control of a "commercial establishment" shall provide for the removal of waste by a business licensed by the BIC under Administrative Code § 16-505.

In February 2005 the plaintiff EdCia Corporation applied to the defendants for an exemption from the licensing provisions of Local Law No. 42. In its application, the plaintiff stated that it was in the business of removing "demolition and construction debris" from "[c]ommercial construction and demolition sites." In response to a requirement that an applicant for an exemption disclose the identity of its principals, the application submitted by the plaintiff only provided the required information for its president and secretary. An applicant is required to provide the names and contact information of its principals in order to allow the defendants to fully investigate an application to ensure that a license-exempted company does not have a principal who is currently or was formerly a principal in a company affiliated with organized crime.

On October 24, 2005 the defendants issued temporary permission to the plaintiff to operate its business, pending a determination on the application. On October 31, 2005, however, the defendants informed the plaintiff that during the course of the investigation, they discovered that the plaintiff failed to disclose one of its principals. The defendants provided the plaintiff with a form upon which it could amend the application by disclosing the principal, but the plaintiff did not comply. On April 3, 2006 the defendants notified the plaintiff that they were revoking the plaintiff's temporary permission to operate. The notice stated: "[D]uring the course of the Commission's review and investigation of [the plaintiff's] application, we have determined that 'there is reasonable cause to believe that [the plaintiff] or [one] of its principals may lack good character, honesty, and integrity' and 'that it would be in the best interests of the City to

terminate this temporary permission to operate pending completion of the background investigation.' "

Thereafter, the plaintiff commenced this hybrid action and proceeding. The plaintiff alleged that its business was limited to removing construction and demolition debris from public projects and "other non-commercial establishments." Since its customers were not "commercial establishments" responsible for removing their waste by hiring a BIC-licensed hauler (*see* Administrative Code § 16-116 [a]), the plaintiff sought a judgment declaring that it was exempt from the licensing provisions of Local Law No. 42, including the requirements of Administrative Code § 16-505 (a), and that it was not required to file an exemption application with the BIC. In the alternative, the plaintiff sought to compel the defendants to grant its application for an exemption pursuant to Administrative Code § 16-505 (a).

When the plaintiff commenced this hybrid action and proceeding, it moved for a preliminary injunction enjoining the defendants from interfering with the operation of its business while the action was pending. The Supreme Court properly denied the plaintiff's motion.

To be entitled to a preliminary injunction, the movant must demonstrate by clear and convincing evidence "(1) a likelihood of ultimate success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) that a balancing of equities favors the movant's position" (*Apa Sec., Inc. v Apa*, 37 AD3d 502, 503 [2007] [internal quotation marks omitted]; *see W.T. Grant Co. v. Srogi*, 52 NY2d 496, 517 [1981]; *Ruiz v Meloney*, 26 AD3d 485 [2006]).

The Supreme Court correctly determined that the plaintiff failed to meet its burden of showing a likelihood of success on the merits of its cause of action for a declaratory judgment. The plaintiff's conclusory allegations regarding the "noncommercial" nature of its hauling business were insufficient to satisfy its burden. Construction and demolition debris from public projects and residential sites generated by commercial establishments performing the construction work constitutes the trade waste of "commercial establishments" within the meaning of Local Law No. 42 (*see DeCostole Carting, Inc. v Maldonado*, 35 AD3d 648, 649 [2006]; *Rapid Demolition Container Servs., Inc. v Maldonado*, 21 AD3d 812 [2005]). Consequently, the activity of removing such waste is subject to the licensing provisions of Local Law No. 42 and more specifically the requirements set forth in Administrative Code § 16-505 (a) (*see DeCostole Carting, Inc. v Maldonado*, 35 AD3d at

649; *Rapid Demolition Container Servs., Inc. v Maldonado,* 21 AD3d at 812). Thus, contrary to the plaintiff's contentions, it is required under these circumstances to either apply for a license or apply for an exemption pursuant to Administrative Code § 16-505 (a) (*see DeCostole Carting, Inc. v Maldonado,* 35 AD3d at 649; *Rapid Demolition Container Servs., Inc. v Maldonado,* 21 AD3d at 812).

Moreover, the plaintiff failed to show a likelihood of succeeding on the merits of its cause of action to compel the defendants to grant its application for an exemption pursuant to Administrative Code § 16-505 (a). The plaintiff contends that the granting of an exemption was "automatically required" upon the filing of its application with the BIC. An application for an exemption, however, is not a ministerial act and there is no clear legal right to such relief (*see DeCostole Carting, Inc. v Maldonado,* 35 AD3d at 649, citing *Matter of Attonito v Maldonado,* 3 AD3d 415 [2004]). Contrary to the plaintiff's contention, the defendants are empowered to review, investigate, and, if warranted, deny the application (*see Matter of Attonito v Maldonado,* 3 AD3d at 418).

In addition, the Supreme Court properly determined that the plaintiff failed to show that it would suffer irreparable harm absent the grant of the preliminary injunction. Economic loss, which is compensable by money damages, does not constitute irreparable harm (*see 1659 Ralph Ave. Laundromat Corp. v Ben David Enters.,* 307 AD2d 288 [2003]; *Wall St. Garage Parking Corp. v New York Stock Exch., Inc.,* 10 AD3d 223, 228-229 [2004]). The plaintiff's bare, conclusory allegations were insufficient to satisfy its burden of demonstrating irreparable injury (*see Kurzban & Son v Board of Educ. of City of N.Y.,* 129 AD2d 756, 757 [1987]).

Finally, the Supreme Court properly determined that a balancing of the equities weighs in favor of denying the plaintiff's motion for a preliminary injunction. Local Law No. 42 and its accompanying rules (17 RCNY 2-01 *et seq.*) were enacted to empower the BIC to regulate and oversee the hauling industry. The purpose of Local Law No. 42 would be hindered if the plaintiff was permitted to haul trade waste without either a license or an exemption while this hybrid action and proceeding is pending.

The plaintiff's remaining contentions are without merit. Rivera, J.P., Spolzino, Florio and Angiolillo, JJ., concur.