■ In the Matter of INTERSTATE MATERIALS CORPORATION, Appellant, v CITY OF NEW YORK et al., Respondents. [849 NYS2d 787]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Department of Sanitation of the City of New York dated December 1, 2005, which denied the petitioner's application for a permit to operate a fill material transfer station, the petitioner appeals from a judgment of the Supreme Court, Richmond County (Aliotta, J.), dated August 11, 2006, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The determination of the Department of Sanitation of the City of New York, which accepted the recommendation of the

Business Integrity Commission (hereinafter the BIC), to deny the petitioner's application for a permit to operate a fill material transfer station, is supported by a rational basis (*see Matter of DeCostole Carting v Business Integrity Commn. of City of N.Y.,* 2 AD3d 225 [2003]; *Matter of Sindone v City of New York,* 2 AD3d 125 [2003]; *Matter of Interstate Indus. Corp. v Murphy,* 1 AD3d 751 [2003]; *Matter of Hollywood Carting Corp. v City of New York,* 288 AD2d 71 [2001]).

Furthermore, the petitioner, who was given notice of the BIC's findings and an opportunity to respond, was not entitled to a hearing to refute the findings (*see Matter of Daxor Corp. v State of N.Y. Dept. of Health,* 90 NY2d 89 [1997], *cert denied* 523 US 1074 [1998]). The petitioner only had a temporary permit to operate the fill material transfer station, which was in effect pending the BIC investigation. The Department of Sanitation has broad discretion to grant or deny an application for a permit. Given that discretion, the petitioner could not establish that it is entitled to the issuance of a permit. In the absence of entitlement to a permit, the petitioner did not have a protected property interest (*see Sanitation & Recycling Indus., Inc. v City of New York,* 107 F3d 985 [1997]). Spolzino, J.P., Skelos, Florio and Angiolillo, JJ., concur.