■ In the Matter of BREEZE CARTING CORP., Appellant, v CITY OF NEW YORK et al., Respondents. [860 NYS2d 103]—

Order and judgment (one paper), Supreme Court, New York County (Edward H. Lehner, J.), entered April 9, 2008, which denied the petition and dismissed the proceeding brought pursuant to CPLR article 78 seeking to vacate the determination of respondent New York City Business Integrity Commission denying petitioner an exemption from licensing requirements and for issuance of a registration to operate as a construction and demolition debris hauler, unanimously affirmed, without costs.

There was a rational basis for the finding that petitioner failed to demonstrate eligibility for exemption from licensing on the ground that petitioner's president was convicted of bribing a public official and identified as an associate in organized crime, and where petitioner rejected a reasonable condition of registration, namely the submission of a monitor to oversee operations for one year (Administrative Code of City of NY §§ 16-504, 16-511). The denial was also properly based on petitioner's knowing provision of false information and failure to provide information in its application (see Administrative Code § 16-509; *Matter of Sindone v. City of New York*, 2 AD3d 125, 126 [2003]; *Tocci Bros. v Trade Waste Commn. of City of N.Y.*, 251 AD2d 160 [1998], *lv denied* 92 NY2d 812 [1998]). Contrary to petitioner's contention, the granting of a registration is not a ministerial act (see *EdCia Corp. v McCormack*, 44 AD3d 991, 994 [2007]; *Matter of Attonito v Maldonado*, 3 AD3d 415, 418 [2004], *lv denied* 2 NY3d 705 [2004]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Lippman, P.J., Tom, Andrias and Saxe, JJ. [*See* 2008 NY Slip Op 30971(U).]