■ FAMILY-FRIENDLY MEDIA, INC., Appellant, v RECORDER TELEVISION NETWORK, Doing Business as AAJ TV, Respondent. [903 NYS2d 80]—In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Sampson, J.), dated June 3, 2009, as denied that branch of its motion which was to dismiss the defendant's affirmative defenses pursuant to CPLR 3211 (b), denied as premature, without prejudice to renew, that branch of its motion which was for summary judgment on the complaint, and denied that branch of its motion which was, in the alternative, for a preliminary injunction.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the

plaintiff's motion which was to dismiss the defendant's affirmative defenses pursuant to CPLR 3211 (b). "A party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit" (CPLR 3211 [b]; see Greco v Christoffersen, 70 AD3d 769, 771 [2010]; Butler v Catinella, 58 AD3d 145, 147-148 [2008]). "Upon a motion to dismiss a defense, the defendant is entitled to the benefit of every reasonable intendment of its pleading, which is to be liberally construed. If there is any doubt as to the availability of a defense, it should not be dismissed" (Federici v Metropolis Night Club, Inc., 48 AD3d 741, 743 [2008]; see Amerada Hess Corp. v Town of Southold, 39 AD3d 442 [2007]; Warwick v Cruz, 270 AD2d 255 [2000]). Applying these standards, the plaintiff failed to meet its burden of demonstrating that the defendant's affirmative defenses "were without merit as a matter of law" (Vita v New York Waste Servs., LLC, 34 AD3d 559, 559 [2006]; see Butler v Catinella, 58 AD3d at 148).

CPLR 3212 (f) permits a party opposing summary judgment to obtain further discovery when it appears that facts supporting the position of the opposing party exist but cannot be stated (see Aurora Loan Servs., LLC v LaMattina & Assoc., Inc., 59 AD3d 578 [2009]; Juseinoski v New York Hosp. Med. Ctr. of Queens, 29 AD3d 636, 637 [2006]). Under the circumstances of this case, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the complaint as premature, without prejudice to renew (see Matter of Fasciglione, 73 AD3d 769 [2010]; Baron v Incorporated Vil. of Freeport, 143 AD2d 792, 792-793 [1988]).

A party moving for a preliminary injunction "must demonstrate by clear and convincing evidence '(1) a likelihood of ultimate success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) that a balancing of equities favors the movant's position' " (EdCia Corp. v McCormack, 44 AD3d 991, 993 [2007], quoting Apa Sec., Inc. v Apa, 37 AD3d 502, 503 [2007]; see W.T. Grant Co. v Srogi, 52 NY2d 496, 517 [1981]). The movant must show that the irreparable harm is "imminent, not remote or speculative" (Golden v Steam Heat, 216 AD2d 440, 442 [1995]). Moreover, "[e]conomic loss, which is compensable by money damages, does not constitute irreparable harm" (EdCia Corp. v McCormack, 44 AD3d at 994). The decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court (see Glorious Temple Church of God in Christ v Dean Holding Corp., 35 AD3d 806, 807 [2006]).

Here, the plaintiff made only conclusory allegations and failed

to point to any imminent and non-speculative harm that would befall it in the absence of a preliminary injunction (*see Golden v Steam Heat*, 216 AD2d at 442). Moreover, it failed to demonstrate that any harm it would suffer would not be compensable by money damages (*see EdCia Corp. v McCormack*, 44 AD3d at 994). Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for a preliminary injunction.

In light of the foregoing, we need not reach the plaintiff's remaining contentions. Rivera, J.P., Florio, Angiolillo and Austin, JJ., concur.