■ In the Matter of CRP SANITATION, INC., Appellant, et al., Petitioner/Plaintiff, v SOLID WASTE COMMISSION OF COUNTY OF WESTCHESTER et al., Respondents. [927 NYS2d 384]—

The petitioner/plaintiff CRP Sanitation, Inc. (hereinafter CRP), was a solid waste hauler licensed in Westchester County. On or about June 9, 2006, CRP's general manager was indicted in the United States District Court for the District of Connecticut on two counts—racketeering and racketeering conspiracy—in connection with his alleged participation in an illegal "property rights" system in the carting industry. On or about June 21, 2006, the Solid Waste Commission of County of West-

chester (hereinafter the SWC) was notified by its executive director of the indictment. CRP's general manager entered a plea of guilty to a violation of 18 USC § 1962 (b) (racketeering conspiracy) and, during the plea allocution, he acknowledged that, in effect, he had participated in a conspiracy to assure that certain carters maintained certain customers or territory. In or about February 2008, CRP applied for a renewal of its license.

Thereafter in 2008, the SWC determined that CRP was required to enter into a contract with an independent auditor if CRP wished to continue operating as a solid waste hauler in Westchester County pursuant to section 826-a.700 of the Laws of Westchester County, which provides, in pertinent part: "The commission may, in the event that the information disclosed and reported by an applicant, licensee or registrant pursuant to this chapter produces adverse information which may indicate a violation of the standards set forth in this chapter and specifically with regard to the standards outlined in Article VI hereof, require, without a hearing and as a condition of the issuance, reinstatement and/or renewal of a license or registration, that the applicant, licensee or registrant enter into a contract with an independent auditor approved or selected by the commission, all at the sole cost and expense of the applicant" (Laws of Westchester County § 826-a.700 [1]).

CRP and Tarrytown R & T Corp., the operator of a solid waste transfer station whose vice-president was CRP's general manager, commenced the instant hybrid proceeding pursuant to CPLR article 78 against the SWC and the County of Westchester, inter alia, (a) to review the SWC determination requiring CRP to enter into a contract with an independent auditor, and (b) to compel the SWC to renew and issue certain licenses, and action for a judgment declaring, among other things, that section 826-a.700 is unconstitutional. SWC and the County moved to dismiss the petition/complaint pursuant to CPLR 3211 (a) (1), supported by detailed submissions. CRP and Tarrytown R&T Corp. opposed the motion. In an order dated January 21, 2009, the Supreme Court denied the motion. SWC and the County thereafter filed an answer and objections in point of law, as well as various certified records. The Supreme Court denied the petition, in effect, determined that section 826-a.700 is not unconstitutional, and dismissed the proceeding.

CRP contends that Laws of Westchester County § 826-a.700 is unconstitutionally vague and overbroad under the federal and state constitutions. "[C]ivil as well as penal statutes can be tested for vagueness under the due process clause" (*Montgomery v Daniels*, 38 NY2d 41, 58 [1975]; *see Matter of Kaur v New*

*York State Urban Dev. Corp.*, 15 NY3d 235, 256 [2010], *cert denied sub nom. Tuck-It-Away, Inc. v New York State Urban Dev. Corp.*,562 US —, 131 S Ct 822 [2010]; *Goldberg v Corcoran*, 153 AD2d 113, 118-119 [1989]). "In addressing vagueness challenges, courts have developed a two-part test. The first essentially restates the classical notice doctrine: To ensure that no person is punished for conduct not reasonably understood to be prohibited, the court must determine whether the statute in question is sufficiently definite to give a person of ordinary intelligence fair notice that [her or] his contemplated conduct is forbidden by the statute" (*People v Stuart*, 100 NY2d 412, 420 [2003] [internal quotation marks omitted]; *see Grayned v City of Rockford*, 408 US 104, 108-109 [1972]; *People v Nelson*, 69 NY2d 302, 307 [1987]; *People v Smith*, 44 NY2d 613, 618 [1978]; *Town of Islip v Caviglia*, 141 AD2d 148, 163 [1988], *affd* 73 NY2d 544 [1989]). "Second, the court must determine whether the enactment provides officials with clear standards for enforcement" (*People v Stuart*, 100 NY2d at 420; *see Grayned v City of Rockford*, 408 US at 109; *People v Nelson*, 69 NY2d at 307; *Town of Islip v Caviglia*, 141 AD2d at 163). Here, contrary to CRP's contention, Laws of Westchester County § 826-a.700 is not unconstitutionally vague.

To the extent CRP challenges section 826-a.700 as overbroad, the overbreadth doctrine does not relate to the conduct at issue (*see People v Stuart*, 100 NY2d at 422 n 8, citing *New York v Ferber*, 458 US 747, 768-770 [1982]; *Broadrick v Oklahoma*, 413 US 601, 612 [1973]).

We also reject CRP's due process claims. The SWC has broad discretion to take action on a license, in particular, to impose an independent auditor as a condition of the issuance, reinstatement, and/or renewal of a license. CRP is not entitled to a license free of this condition. Accordingly, CRP has no protected property interest and, thus, has suffered no deprivation of its due process rights (*see Matter of DeCostole Carting v Business Integrity Commn. of City of N.Y.*, 2 AD3d 225 [2003]; *Sanitation & Recycling Indus., Inc. v City of New York*, 107 F3d 985 [1997]; *see also Matter of Interstate Materials Corp. v City of New York*, 48 AD3d 464 [2008]).

CRP's remaining challenges to the constitutionality of Laws of Westchester County § 826-a.700 are without merit.

CRP contends that the SWC's requirement that it enter into a contract with an auditor is arbitrary and capricious and, further, that CRP is entitled to a writ of mandamus to compel the SWC to renew its license. In reviewing a determination made by an administrative agency such as the determination here, a

court's inquiry is limited to whether the determination is arbitrary and capricious or without a rational basis (*see* CPLR 7803 [3]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222 [1974]). Here, the conduct of CRP's former General Manager, in participating in a conspiracy to assure that certain carters maintained certain customers or territory, provided a rational basis for the SWC's determination that CRP must enter into a contract with an independent auditor as a condition of renewal of its license (*see Matter of DeCostole Carting v Business Integrity Commn. of City of N.Y.*, 2 AD3d 225 [2003]; *Matter of Sindone v City of New York*, 2 AD3d 125 [2003]; *see also Matter of Hollywood Carting Corp. v City of New York*, 288 AD2d 71 [2001]; *see generally Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222 [1974]). Accordingly, the determination of the SWC was not arbitrary and capricious or without a rational basis. Furthermore, the extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act and only when there exists a clear legal right to the relief sought (*see Matter of Legal Aid Socy. of Sullivan County v Scheinman*, 53 NY2d 12, 16 [1981]). CRP has failed to demonstrate a clear legal right to the relief sought.

Since this is, in part, a declaratory judgment action, the judgment appealed from should have included a provision declaring that Laws of Westchester County § 826-a.700 is not unconstitutional (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Dillon, J.P., Florio, Dickerson and Cohen, JJ., concur.