■ RADIOLOGY ASSOCIATES OF POUGHKEEPSIE, PLLC, Respondent, v CHARLES W. DROCEA, M.D., Appellant, et al., Defendant. [930 NYS2d 594]—

In November 2003 the plaintiff, Radiology Associates of Poughkeepsie, PLLC, and the defendant Charles W. Drocea, entered into a written employment agreement for a three-year term from January 5, 2004 through December 31, 2006, "unless terminated sooner as provided in Paragraph 11" of the agreement. Insofar as is relevant, paragraph 11 allowed termination by either party without cause upon 90 days' notice within the first 12 months of the three-year term or by mutual agreement of the parties in writing at any time within the three-year term. The contract also provided for automatic renewal subsequent to the initial three-year term for successive one-year terms unless either party gave notice of an intent not to renew 90 days prior to the end of the current term. The agreement contained a noncompetition clause which barred Drocea, for the duration of the agreement and for 12 months after its termination, from providing radiological services at, or within five miles of, any "practice site," defined as a facility where Drocea "regularly spent a significant portion of time rendering services on behalf of" the plaintiff. The clause provided that Drocea would be "deemed to have spent a significant portion of time" at a practice site if he "regularly spends thirty (30%) percent or more of his Employment on a regular basis" at such site.

By letter dated September 23, 2005, Drocea stated that it was necessary to resign, and by letter dated January 18, 2006, he stated "I rescind my resignation . . . dated September 23, 2005." During this entire period, and thereafter, he continued to work for the plaintiff under the contract terms. For certain days within a period spanning July 2009 through April 9, 2010, the plaintiff assigned Drocea to perform services for the defendant Mid-Hudson Medical Group (hereinafter MHMG), with which the plaintiff had a separate professional services agree-

ment. By letter dated January 7, 2010, Drocea stated that he would be ending his employment with the plaintiff, effective April 9, 2010, in order to seek employment with MHMG.

In April 2010 the plaintiff commenced this action against Drocea and MHMG. Under the first cause of action asserted against Drocea, the plaintiff alleged breach of the noncompetition clause and sought to enjoin Drocea from providing professional services to MHMG or any other facility with which the plaintiff had a business relationship until January 1, 2012. The second and third causes of action sought to recover damages from Drocea for his alleged breach of the noncompetition clause and breach of fiduciary duty, respectively. The plaintiff subsequently moved for a preliminary injunction pending the duration of this action. Drocea cross-moved for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court granted the motion and denied the cross motion. Drocea appeals from so much of the order as granted the plaintiff's motion and denied those branches of his cross motion which were for summary judgment dismissing the first three causes of action in the complaint.

In support of a motion for a preliminary injunction, the movant must demonstrate (1) a likelihood of ultimate success on the merits, (2) irreparable injury absent the granting of the preliminary injunction, and (3) a balancing of equities in favor of the movant's position (see *Family-Friendly Media, Inc. v Recorder Tel. Network*, 74 AD3d 738, 739 [2010]; *Glorious Temple Church of God in Christ v Dean Holding Corp.*, 35 AD3d 806, 807 [2006]). "A party seeking the drastic remedy of a preliminary injunction must establish a clear right to that relief under the law and the undisputed facts" (*Omakaze Sushi Rest., Inc. v Ngan Kam Lee*, 57 AD3d 497, 497 [2008]).

Here, to establish a likelihood of success on its cause of action alleging breach of contract, the plaintiff was required to demonstrate that the employment agreement was in effect between the parties at the time of the alleged breach and that Drocea breached the noncompetition clause. Initially, the plaintiff established that the employment agreement continued in effect through the end of calendar year 2010 and, thus, the noncompetition clause continued in effect for a period of 12 months thereafter, through calendar year 2011. Drocea contends that he was an employee at will, since he effectively terminated the employment agreement by letter dated September 23, 2005, and further contends that his letter dated January 18, 2006, was ineffective in rescinding his resignation. However, the provisions in the agreement with respect to the manner in which Drocea was

permitted to terminate the agreement during the initial employment term or any subsequent renewal term are clear and unambiguous and must be enforced according to their plain meaning (*see Goldman v White Plains Ctr. for Nursing Care, LLC*, 11 NY3d 173, 176 [2008]; *Greenfield v Philles Records*, 98 NY2d 562, 569 [2002]). Contrary to Drocea's contention, his attempted unilateral termination of the agreement during the initial three-year employment term, by virtue of his letter dated September 23, 2005, was ineffective because it was not an authorized method of termination pursuant to paragraph 11. The agreement automatically renewed for successive one-year renewal terms commencing on January 1 of each calendar year. Once a renewal term had commenced, unilateral termination of the agreement was permitted only by written notice provided 90 days prior to the end of the renewal term. Since the renewal term for 2010 had commenced, Drocea's resignation by letter dated January 7, 2010, was not effective until December 31, 2010, notwithstanding his desire to terminate on April 9, 2010.

The plaintiff, however, failed to establish that Drocea breached the noncompetition clause. The plaintiff submitted evidence of the number of days it had assigned Drocea to perform services at MHMG during the approximate nine-month period from July 2009 through April 9, 2010. Based on the plaintiff's calculation from this evidence, Drocea spent 43% of his time at MHMG during that period. In opposition to the plaintiff's motion and in support of his cross motion for summary judgment, Drocea presented evidence that he rendered no services at MHMG from January 5, 2004 until July 20, 2009, and calculated the time he spent at MHMG on an hourly basis during calendar year 2009 as 16%, and during the period of April 1, 2009 through April 9, 2010, as 26%. Accordingly, a question of fact exists as to whether MHMG is a "practice site" at which Drocea "regularly" spent "30% . . . or more of his Employment on a regular basis" as defined in the parties' agreement. While issues of fact alone will not justify denial of a motion for a preliminary injunction (*see* CPLR 6312 [c]), these issues subvert the plaintiff's likelihood of success on the merits in this case to such a degree that it cannot be said that the plaintiff established a clear right to relief (*see Matter of Advanced Digital Sec. Solutions, Inc. v Samsung Techwin Co., Ltd.*, 53 AD3d 612, 613 [2008]; *Milbrandt & Co. v Griffin*, 1 AD3d 327, 328 [2003]).

In support of his cross motion for summary judgment, Drocea met his prima facie burden of showing that MHMG was not a "practice site" within the meaning of the parties' agreement. In opposition, the plaintiff raised a triable issue of fact. Accord-

ingly, the Supreme Court properly denied those branches of the cross motion which were for summary judgment dismissing the first and second causes of action alleging breach of the covenant not to compete, and the third cause of action alleging breach of fiduciary duty. Dillon, J.P., Angiolillo, Dickerson and Cohen, JJ., concur.