In the Matter of THOMAS C. RICE, Deceased. (Matter No. 1.) GLORIA A. GOODWIN, Appellant, v THOMAS L. RICE et al., Respondents. (Matter No. 2.) [963 NYS2d 327]—

In a probate proceeding and a related action, inter alia, to recover damages for breach of contract which was transferred to the Surrogate's Court, Nassau County, the plaintiff appeals, as limited by her brief, from so much of an order of the Surrogate's Court, Nassau County (McCarty III, S.), dated September 13, 2011, as, upon granting that branch of her motion which was for leave to renew her prior motion for summary judgment on the first cause of action, adhered to an original determination in an order dated September 16, 2009, denying that motion, and denied those branches of her motion which were for summary judgment on the fifth cause of action and to preliminarily enjoin the defendants from, inter alia, selling certain real property.

Ordered that the order dated September 13, 2011, is affirmed insofar as appealed from, with costs.

On a prior appeal in matter No. 2, this Court, inter alia, affirmed the Supreme Court's order denying the plaintiff's motion for summary judgment on the first cause of action, which sought to recover damages for breach of contract and was asserted against the defendant Thomas L. Rice (hereinafter the individual defendant) (see Goodwin v Rice, 79 AD3d 699 [2010]). We determined that, in opposition to the plaintiff's prima facie showing of entitlement to judgment as a matter of law, the defendants "raised triable issues of fact as to whether the individual defendant breached the provision in a December 1986 general partnership agreement setting forth a formula to calculate the price for which he could purchase a 75% share of the partnership of the decedent Thomas C. Rice (hereinafter the decedent) or whether, in a January 2002 agreement, the decedent intended to waive his right to receive such purchase price from the individual defendant" (id. at 699). We also affirmed so much of the Supreme Court's order as granted the defendants' cross motion pursuant to CPLR 325 (e) to transfer the matter to the Surrogate's Court, Nassau County (see 79 AD3d at 699-700).

The plaintiff moved in the Surrogate's Court for leave to renew her prior motion for summary judgment on the first cause

of action, for summary judgment on the fifth cause of action, and to preliminary enjoin the defendants from, inter alia, selling certain real property.

Contrary to the plaintiff's contention, upon renewal, the Surrogate's Court properly adhered to the prior determination denying her motion for summary judgment on the first cause of action. While the plaintiff established her prima facie entitlement to judgment as a matter of law on the first cause of action, in opposition, the defendants raised a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]), notwithstanding the new evidence submitted by the plaintiff in support of that branch of her motion which was for leave to renew.

The Surrogate's Court also properly denied that branch of the plaintiff's motion which was for summary judgment on the fifth cause of action asserted against the defendant Tom Rice Buick-Pontiac-GMC Truck, Inc. (hereinafter the corporate defendant), which sought repayment of a loan allegedly made by the decedent to the corporate defendant. The plaintiff's submissions in support of this branch of her motion, including, among other things, a handwritten, unsigned, undated note, were insufficient to demonstrate the amount of the alleged loan or any of its material terms. Since the plaintiff failed to meet her prima facie burden of establishing her entitlement to judgment as a matter of law, we need not review the sufficiency of the defendants' opposition papers regarding that branch of the plaintiff's motion (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

"To obtain a preliminary injunction, a movant must demonstrate, by clear and convincing evidence, (1) a likelihood of success on the merits, (2) irreparable injury absent a preliminary injunction, and (3) a balancing of the equities in the movant's favor" (*Yedlin v Lieberman*, 102 AD3d 769 [2013]; *see* CPLR 6301; *Aetna Ins. Co. v Capasso*, 75 NY2d 860, 862 [1990]; *Arcamone-Makinano v Britton Prop., Inc.*, 83 AD3d 623, 624 [2011]). " '[E]conomic loss, which is compensable by money damages, does not constitute irreparable harm' " (*Family-Friendly Media, Inc. v Recorder Tel. Network*, 74 AD3d 738, 739 [2010], quoting *EdCia Corp. v McCormack*, 44 AD3d 991, 994 [2007]). Here, in both the first and fifth causes of action, as well as all of the causes of action in the complaint, the plaintiff seeks money damages. "Where, as here, a litigant can fully be recompensed by a monetary award, a preliminary injunction will not issue" (*Dana Distribs., Inc. v Crown Imports, LLC*, 48 AD3d 613, 613 [2008]; *see Price Paper & Twine Co. v Miller*,

182 AD2d 748, 750 [1992]). Moreover, on this record, the plaintiff failed to establish a likelihood of success on the merits or a balancing of the equities in her favor. Accordingly, the Surrogate's Court properly denied that branch of the plaintiff's motion which was to preliminarily enjoin the defendants from, inter alia, selling certain real property.

The plaintiff's remaining contentions are without merit. Rivera, J.P., Dickerson, Leventhal and Hinds-Radix, JJ., concur.