■ JOSEPH JOSEPH et al., Respondents, v ELAZAR JOSEPH et al., Appellants. [968 NYS2d 388]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the defendants appeal from an order of the Supreme Court, Nassau County (Bucaria, J.), dated June 19, 2012, which denied their motion to preliminarily enjoin the plaintiffs from

taking any steps to obtain possession of certain real property, including the commencement of a separate summary landlord-tenant proceeding.

Ordered that the order is affirmed, with costs.

This action, inter alia, to recover damages for breach of fiduciary duty, arose from a dispute between Joseph Joseph and his brother, the defendant Elazar Joseph, regarding a company they jointly owned. The defendants appeal from an order of the Supreme Court which denied their motion to preliminarily enjoin the plaintiffs from, among other things, taking any steps to evict the defendant VIM Mermaid, Inc., from certain real property leased to it by the plaintiff Joseph Joseph Generation Skipping Trust, including the commencement of a separate summary landlord-tenant proceeding.

A motion for a preliminary injunction may be granted when the movant demonstrates a likelihood of success on the merits, a danger of irreparable injury in the absence of an injunction, and a balance of the equities in the movant's favor (see *Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005]; *Doe v Axelrod*, 73 NY2d 748, 750 [1988]). Here, the Supreme Court properly denied the defendants' motion to preliminarily enjoin the plaintiffs from taking any steps to obtain possession of the subject premises, including the commencement of a separate summary landlord-tenant proceeding.

While disputed issues of fact alone will not justify the denial of a motion for a preliminary injunction (see CPLR 6312 [c]), it cannot be said that the defendants established a likelihood of success on the merits (see *Radiology Assoc. of Poughkeepsie, PLLC v Drocea*, 87 AD3d 1121, 1124 [2011]; *Matter of Advanced Digital Sec. Solutions, Inc. v Samsung Techwin Co., Ltd.*, 53 AD3d 612, 613 [2008]; *Milbrandt & Co. v Griffin*, 1 AD3d 327, 328 [2003]). Moreover, the defendants failed to establish irreparable injury absent the grant of a preliminary injunction, as they failed to point to any imminent and nonspeculative harm that would befall them in the absence of a preliminary injunction (see *Family-Friendly Media, Inc. v Recorder Tel. Network*, 74 AD3d 738, 739-740 [2010]; see also *Trump on the Ocean, LLC v Ash*, 81 AD3d 713, 716 [2011]; *EdCia Corp. v McCormack*, 44 AD3d 991, 994 [2007]). Finally, the defendants failed to establish that a balance of the equities was in their favor.

Contrary to the defendants' contention, they were not entitled to a preliminary injunction enjoining the plaintiffs from commencing a separate summary landlord-tenant proceeding on the basis that such a proceeding would be inextricably linked to this action (see *Genovese Drug Stores, Inc. v William Floyd Plaza,*

*LLC*, 63 AD3d 1102 [2009]; *Spellman Food Servs. v Partrick*, 90 AD2d 791 [1982]).

The defendants' remaining contentions do not warrant reversal. Balkin, J.P., Hall, Lott and Miller, JJ., concur.