■ In the Matter of JOHN MARSALA et al., Appellants, v CITY OF LONG BEACH et al., Respondents. [975 NYS2d 150]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review determinations of the City of Long Beach dated March 3, 2008, and July 23, 2008, denying the applications of the petitioners/plaintiffs to renew 22 municipal taxi licenses, and action, inter alia, to recover damages for the violation of their constitutional rights under color of state law, the petitioners/plaintiffs appeal from an order of the Supreme Court, Nassau County (Phelan, J.), entered April 5, 2012, which, in effect, denied their motion for summary judgment on the fourth through twelfth causes of action, granted the cross motion of the City of Long Beach for summary judgment dismissing the fourth through twelfth causes of action insofar as asserted against it, and denied the petition, which was set forth in the first through third causes of action.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as denied the petition, which was set forth in the first through third causes of action, is deemed to be an application for leave to appeal from that portion of the order,

and leave to appeal from that portion of the order is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

The petitioner/plaintiff John Marsala is the sole shareholder of the petitioners/plaintiffs Adri Leasing Corp., Beach & Bay Leasing Corp., and Ocean Black Car Corp. (hereinafter collectively the petitioners), which collectively held 47 of the 50 taxi licenses issued by the City of Long Beach. Taxi licenses issued by the City expire after one year and need to be renewed to remain in effect. This matter arises from the City's determination not to renew 22 of the taxi licenses issued to the petitioners.

In February 2006, the petitioners renewed 11 of their taxi licenses. These licenses expired in February 2007. Thereafter, almost one year later, the petitioners applied to renew these licenses, and the City denied the applications. Additionally, in February 2007, the petitioners renewed 11 other taxi licenses. Approximately two months after these licenses expired, at the earliest, the petitioners applied to renew these licenses. The City denied renewal of these licenses as well. In June 2008, the City awarded the respondent/defendant Carmen Cippola, doing business as Long Beach Checker Corp. and Beech Street Taxi Corp., eight of the taxi licenses previously held by the petitioners.

Subsequently, the petitioners commenced the instant hybrid proceeding pursuant to CPLR article 78 to review the City's determinations denying renewal of 22 of their taxi licenses (second cause of action) and to compel the City to reissue these licenses to them (first and third causes of action), and action, inter alia, to recover damages for the violation of their constitutional rights under color of state law, including, among other things, the deprivation of property in the absence of due process, in violation of both the United States and New York Constitutions. The petitioners moved for summary judgment on the fourth through twelfth causes of action, which sought, variously, damages and injunctive relief, and the City cross-moved for summary judgment dismissing those causes of action insofar as asserted against it. The Supreme Court, in effect, denied the motion, granted the cross motion, and denied the petition.

Contrary to the petitioners' contention, the City's denial of their applications to renew the subject taxi licenses did not implicate a protected property interest, as the City retained the discretion to grant or deny the applications (*see Matter of Daxor Corp. v State of N.Y. Dept. of Health*, 90 NY2d 89, 98 [1997]; *Matter of CRP Sanitation, Inc. v Solid Waste Commn. of County of Westchester*, 86 AD3d 608, 609-610 [2011]; *Testwell, Inc. v*

*New York City Dept. of Bldgs.*, 80 AD3d 266, 274 [2010]; *Matter of City Servs., Inc. v Neiman*, 77 AD3d 505, 507 [2010]; *Matter of Lakeside Manor Home for Adults, Inc. v Novello*, 43 AD3d 1057, 1058 [2007]; *Huntington Yacht Club v Incorporated Vil. of Huntington Bay*, 1 AD3d 480, 481 [2003]; *Bower Assoc. v Town of Pleasant Val.*, 304 AD2d 259, 263 [2003], *affd* 2 NY3d 617 [2004]; *Matter of Gluck v City of Syracuse*, 244 AD2d 873, 874 [1997]). Thus, the City established its prima facie entitlement to judgment as a matter of law dismissing the fourth through twelfth causes of action insofar as asserted against it. In opposition, the petitioners failed to raise a triable issue of fact. For the same reason, the petitioners failed to establish their prima facie entitlement to judgment as a matter of law on those causes of action. Moreover, the City's denial of the applications was not arbitrary or capricious, was not affected by an error of law, and had a rational basis (*see Matter of CRP Sanitation, Inc. v Solid Waste Commn. of County of Westchester*, 86 AD3d at 611; *Matter of M.S.B.A. Corp. v Markowitz*, 23 AD3d 390, 391 [2005]).

The petitioners' remaining contentions are without merit.

Accordingly, the Supreme Court correctly granted the City's cross motion for summary judgment dismissing the fourth through twelfth causes of action insofar as asserted against it, correctly, in effect, denied the petitioners' motion for summary judgment on those causes of action, and correctly denied the petition. Austin, J.P., Sgroi, Cohen and Hinds-Radix, JJ., concur.