■ In the Matter of ELITE DEMOLITION CONTRACTING CORPORATION et al., Appellants, v CITY OF NEW YORK et al., Respondents. [4 NYS3d 196]—

Judgment, Supreme Court, New York County (Anil C. Singh, J.), entered December 16, 2013, inter alia, denying the petition to annul the determination of respondent City of New York Business Integrity Commission (BIC), dated May 13, 2013, which denied the application of petitioner Elite Demolition Contracting Corp. (Elite) for an exemption from licensing to operate a construction and demolition debris removal business, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Petitioners' constitutional challenge to the statutory definition of a principal of a corporation (see Administrative Code of City of NY § 16-501 [d] [1] [iii]) is academic, since that provision was not a basis of BIC's determination.

BIC's finding that Elite failed to demonstrate its eligibility for an exemption from licensing had a rational basis, on the grounds that Elite undisputedly owed significant debt to the Internal Revenue Service and had failed to pay an administrative fine to the New York City Environmental Control Board (see Administrative Code § 16-509 [a] [x]). BIC also reasonably found that petitioner Fabio Bordone's father, Vincenzo Bordone, was an undisclosed principal of Elite, based on admissions by Vincenzo and an Elite truck driver to a BIC investigator. This finding warranted the denial of the application since BIC had previously denied exemption applications by Vincenzo on the ground that he lacked good character (see Administrative Code § 16-509 [c]; Matter of DeCostole Carting v Business Integrity Commn. of City of N.Y., 2 AD3d 225 [1s Dept 2003], appeal dismissed 2 NY3d 759 [2004], lv denied 3 NY3d 605 [2004]). BIC also properly relied on abundant evidence that Elite was an alter ego or successor of four other companies whose exemption applications had previously been denied (see Administrative Code §§ 16-501 [a]; 16-509 [a] [vii]). Furthermore, BIC's finding that Elite had provided false, misleading, and conflicting information in its BIC filings and testimony provided an independent rational basis to deny the application (see Administrative Code § 16-509 [a] [i]; [b]; Matter of Breeze Carting

*Corp. v City of New York*, 52 AD3d 424 [1st Dept 2008]). Concur—Gonzalez, P.J., Mazzarelli, Acosta, Moskowitz and DeGrasse, JJ. **[Prior Case History: 2013 NY Slip Op 33180(U).]**